IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-10414

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS LAMAR CATHEY,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas

July 19, 2001

Before HIGGINBOTHAM and BENAVIDES, Circuit Judges, and DUPLANTIER,[*]
District Judge.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Thomas Lamar Cathey challenges his convictions and sentences
for distribution of heroin, possession with intent to distribute
methamphetamine, and possession with intent to distribute LSD.
Finding no reversible error in his convictions or sentences, we
AFFIRM.

I

Cathey was indicted on three counts of violating 21 U.S.C. §
841. He was charged with distributing heroin, which resulted in

---

[*] District Judge of the Eastern District of Louisiana, sitting by
designation.

death; possession with intent to distribute methamphetamine; and possession with intent to distribute 9.938 grams of LSD.

From the evidence at trial the jury reasonably could have found the following facts: On October 26, 1998, Cathey and several friends, including Kristen Taylor, with whom he was living, threw a party at the hotel room where he lived. At some point that evening, Cathey showed them heroin that he had purchased. Cathey, Taylor, and another guest went to another room where Taylor used the heroin. Taylor had an adverse reaction to the heroin, and Cathey took her back to his room. The next morning, Cathey and the others found Taylor dead. After debating what to do with the body, they wrapped it in blankets and one of them delivered it to a hospital. A medical examiner determined that the cause of death was an "acute mixed drug interaction." Taylor had used large amounts of cocaine as well as the heroin she took with Cathey, and the combination killed her.

Some time after Taylor's death, Cathey sold methamphetamine to a government informant. When government agents executed a search warrant on Cathey's residence, they found a large amount of LSD—almost 10 grams. This amount is consistent with distribution.

In addition to the three counts of possession with intent to distribute, the jury was given a special issue on whether death resulted from Cathey's distribution of heroin to Taylor, as alleged in the first count. The jury returned verdicts of guilty on all counts, but could not reach a verdict on the special issue.

At sentencing, the district court determined that death had resulted from the use of the heroin and sentenced Cathey accordingly. The sentencing range under the Guidelines was life imprisonment.[1] The district court sentenced Cathey to 20 years for the heroin count (the maximum sentence when no drug amount or death is proved to the jury[2]); 20 years for the methamphetamine count (the maximum sentence when no drug amount is proved[3]); and 40 years for the LSD count (the maximum sentence if an amount of 1 gram or more, but less than 10 grams, is proved[4]). The court ordered the sentences to run consecutively, applying the Guideline that dictates consecutive sentences when the individual sentences are less than the total punishment prescribed by the Guidelines.[5]

Cathey appeals.

## II

Cathey argues that the evidence was insufficient to convict him on any count. In evaluating the sufficiency of the evidence, this court asks "whether a reasonable trier of fact could have found that the evidence established the essential elements of the

---

[1] *See* U.S.S.G. § 2D1.1(a). When death results from a violation of § 841, the offense level is 43, which, unless the court departs downward, requires a life sentence regardless of criminal history category. *See* U.S.S.G. § 5A (Sentencing Table).

[2] *See* 21 U.S.C. § 841(b)(1)(C).

[3] *See id.*

[4] *See* 21 U.S.C. § 841(b)(1)(B).

[5] *See* U.S.S.G. § 5G1.2(d).

3

crime beyond a reasonable doubt."[6] We consider the evidence in the light most favorable to the verdict, drawing all reasonable inferences in favor of the verdict.[7] "It is well-settled that credibility determinations are the sole province of the jury."[8]

Further, failure to move for a judgment of acquittal at the close of evidence forfeits a claim that the evidence was insufficient.[9] Cathey did not move for a judgment of acquittal, and so we review for plain error only. Plain error review here looks only to whether the record is "devoid of evidence pointing to guilt" or contains "evidence on a key element of the offense [that is] so tenuous that a conviction would be shocking."[10]

We have summarized the facts the jury could reasonably have found. The evidence was sufficient as to each count. Witnesses testified that Cathey supplied the heroin that Taylor used the night she died, that Cathey sold methamphetamine, and that Cathey possessed over 9.9 grams of LSD, an amount consistent with distribution. Cathey makes only one argument that the evidence was insufficient: he claims that one of the government's primary

---

[6] *United States v. Ortega Reyna*, 148 F.3d 540, 543 (5th Cir. 1998).

[7] *See id.*

[8] *United States v. Davis*, 61 F.3d 291, 297 (5th Cir. 1995).

[9] *See United States v. Pierre*, 958 F.2d 1304, 1310 (5th Cir. 1992).

[10] *Id.* at 1310.

4

witnesses was not credible.  This argument has no merit.  We will not disturb the jury's judgment as to the credibility of a witness.

## III

Cathey brings two challenges to the length of his total sentence.  First, Cathey notes that the jury was unable to find that Taylor's death was a result of Cathey's distribution of heroin.  He argues that the district court's sentence, based on its finding that Taylor's death resulted from his distribution of heroin, violates his right to a jury.  This argument is foreclosed by Supreme Court precedent.  In *United States v. Watts*,[11] the Supreme Court held that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence."[12]

Second, Cathey argues that his total sentence of 80 years violates the Eighth Amendment's prohibition of cruel and unusual punishment.  The Supreme Court has upheld against Eighth Amendment challenges a statute mandating a life sentence for possessing more than 650 grams of cocaine[13] and a 40-year sentence for possession

---

[11] 519 U.S. 148 (1997).

[12] *Id.* at 157.  Cathey does not argue that the causal link between his conduct and Taylor's death was not proved by a preponderance of the evidence. Nor is this an *Apprendi* violation, since, as noted above, the district court sentenced Cathey within the statutory range for possession of heroin with intent to deliver when death does not result.

[13] *See Harmelin v. Michigan*, 501 U.S. 957, 961 & n.1, 996 (1991).

5

and distribution of less than nine ounces of marijuana.[14]  Cathey was convicted of distributing heroin, distributing methamphetamine, and possessing a large amount of LSD with intent to distribute; his highest sentence for a single count was 40 years.  Cathey's Eighth Amendment claim has no merit.

IV

Cathey's conviction and sentence are AFFIRMED.

---

[14] *See Hutto v. Davis*, 454 U.S. 370, 371-72 (1982).