IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-41421
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

KAMAAL DUMAKA LEDAY,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CR-206-1
_____

August 16, 2002

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:[*]

Kamaal Dumaka Leday appeals his convictions following a jury trial of one count of conspiracy to possess cocaine base with intent to distribute in violation of 21 U.S.C. § 846 and two counts of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

Leday argues that the trial evidence was insufficient to support his convictions. Because Leday failed to move for a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment of acquittal at the close of evidence, review of his appellate challenge to the sufficiency of the evidence is limited to determining whether there was a "manifest miscarriage of justice."[1]  Such a miscarriage "occurs only where 'the record is devoid of evidence pointing to guilt or contains evidence on a key element of the offense [that is] so tenuous that a conviction would be shocking.'"[2]

The trial evidence established that, on both June 11 and July 7, 1999, a confidential informant ("CI") paged a man called "K.D.," a nickname ascribed to Leday, at a pager number to which Leday subscribed.  Leday subsequently returned the CI's pages from phone numbers assigned, respectively, to the houses where the mother of his child lived and where Leday himself lived, and cocaine base transactions were arranged.  In the first of these transactions, on June 11, 1999, Leday could not personally deliver the cocaine base because he was having bedroom furniture delivered to his home, a fact that was confirmed at trial by a representative of the furniture store.  Leday sent a "partner" named Rodney in his stead to deliver the cocaine base to the CI and an undercover officer. In the second transaction, on July 7, 1999, Leday, as identified in court, personally appeared in a candy-apple red Suburban that was

---

[1]  *United States v. McIntosh*, 280 F.3d 479, 483 (5th Cir. 2002).

[2]  *Id.* (quoting *United States v. Cathey*, 259 F.3d 365, 368 (5th Cir. 2001)).

registered to the mother of his child and completed the transaction with the CI.

In the face of this evidence, Leday has not established a "manifest miscarriage of justice" with respect to any of the three counts of conviction.  The convictions are AFFIRMED.