United States Court of Appeals
Fifth Circuit

**F I L E D**

April 12, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51106
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO MORENO, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-03-CR-60-ALL
--------------------

Before JOLLY, WIENER, and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Francisco Moreno, Jr., appeals his jury conviction of aiding and abetting possession with intent to distribute cocaine. Moreno argues that the Government failed to prove the existence of five or more kilograms of cocaine. The jury, in convicting Moreno, obviously chose to credit the testimony of the Government's forensic chemist about the accuracy of the measurement of the amount of cocaine as being more than five

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

kilograms.  Such credibility determinations are the sole province of the jury.  See United States v. Cathey, 259 F.3d 365, 368 (5th Cir. 2001).

Moreno also argues that the district court should not have denied his motion for a judgment of acquittal at the close of the Government's case because Gilberto Blanco, the Government's chief witness, lacked credibility.  Specifically, Moreno argues that the ice in the ice chest where the cocaine was found would have melted at least a little during an hour-long drive, demonstrating that Blanco was lying.

Given all of the evidence adduced at trial, it was a "reasonable construction[] of the evidence" to conclude that Blanco's testimony was truthful and that Blanco was driving the van containing the cocaine-filled ice chest because of a prior arrangement with Moreno.  See United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996).  The Government proved all of the elements of the offense beyond a reasonable doubt, and we must affirm the conviction.  See United States v. Garcia, 242 F.3d 593, 596 (5th Cir. 2001).

Moreno also argues that the district court abused its discretion in allowing into evidence the Verizon cell phone records.  The Verizon store manager's testimony satisfies the authentication requirement because he explained his familiarity with the procedure by which the records were generated and established the requirements of FED. R. EVID. 803(6).  See United

States v. Iredia, 866 F.2d 114, 119-20 (5th Cir. 1989); Rosenberg v. Collins, 624 F.2d 659, 665 (5th Cir. 1980). Moreno has not shown that the district court abused its discretion in admitting the cell phone records. See United States v. Wells, 262 F.3d 455, 459 (5th Cir. 2001). The judgment of the district court is AFFIRMED.