**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40271
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISMAEL HERNANDEZ-RODRIGUEZ,

Defendants-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1372-1

_____

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant Ismael Hernandez-Rodriguez (Hernandez) was convicted by a jury of one count of possession of more than 500 grams of cocaine with intent to distribute cocaine and one count of conspiracy to possess cocaine with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Hernandez appeals his convictions, arguing that there was insufficient evidence to support them and that the district

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred by admitting evidence that tended to impeach the testimony of his witness. We AFFIRM.

Hernandez's prosecution resulted from a September 2002 search of a Dodge pickup truck on Bridge One at Laredo, Texas, which is a port-of-entry from Mexico. Hernandez was the owner of the truck and its sole passenger; Felipe Zamora, his codefendant, was the driver. Customs officers found approximately four kilograms of cocaine concealed in the engine manifold of the pickup.

Hernandez moved for a FED. R. CRIM. P. 29 judgment of acquittal after the Government rested its case, but the district court denied his motion. He failed to renew the motion after he presented his case and the evidence was closed. He also did not renew his motion after the jury returned its verdict, as authorized by Rule 29(c). Therefore, he has waived any objection to the denial of the Rule 29 motion he filed.[1]

Because Hernandez failed to renew his Rule 29 motion, we review his sufficiency-of-evidence issue under the plain-error standard.[2] "Plain error review here looks only to whether the record is devoid of evidence pointing to guilt or contains evidence on a key element of the offense [that is] so tenuous that a conviction would be shocking."[3] We may reverse a conviction under

---

[1]*See United States v. Robles-Pantoja*, 887 F.2d 1250, 1254 (5th Cir. 1989).

[2]*See United States v. Cathey*, 259 F.3d 365, 368 (5th Cir. 2001).

[3]*Id.* (citation and quotation marks omitted).

this standard "only to avoid a manifest miscarriage of justice."[4] In making this determination, we consider the evidence "in the light most favorable to the government, giving the government the benefit of all reasonable inferences and credibility choices."[5]

Hernandez asserts that the evidence presented at trial established only that he was present when his co-defendant, Zamora, was arrested. Hernandez claims that there was no evidence proving that Hernandez had any knowledge of Zamora's illegal activities or proving a conspiracy among the men. We disagree.

"A jury may ordinarily infer a defendant's knowledge of the presence of drugs from his control over the vehicle in which they are found."[6] When the contraband is hidden, as it was here, we require "additional circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge."[7] In Hernandez's case, there were circumstances, in addition to his ownership and control of the pickup, that were sufficiently suspicious to support the jury's finding of guilty knowledge. First, the two subjects claimed to have spent two weeks in Mexico, yet they had only one overnight luggage bag. Moreover, the inspection agents found evidence that the engine had been tampered with and discovered a

---

[4]*United States v. Parker*, 133 F.3d 322, 328 (5th Cir. 1998).

[5]*United States v. Ruiz*, 860 F.2d 615, 617 (5th Cir. 1988) (citation and quotation marks omitted).

[6]*United States v. Villareal*, 324 F.3d 319, 324 (5th Cir. 2003).

[7]*Id.*

tool box in the truck. The fact that the inspectors were able to use the tools found in the pickup to remove the manifold and other components supports an inference that Hernandez knew that cocaine was hidden in the manifold.[8] Finally, there was considerable testimony regarding Hernandez's demeanor during the search. Hernandez did most of the talking and responding to the inspector's questions at the primary inspection point. In the secondary inspection area, when he was asked Hernandez if he had had any work done to the engine block or manifold area, Hernandez answered no. However, he then turned away and ceased to watch what they were doing to the pickup. After the cocaine was found and Hernandez was handcuffed, he did not say anything or otherwise react, thereby indicating his lack of surprise. This evidence, taken together with his ownership and control over his truck, "could reasonably support a finding of guilt beyond a reasonable doubt."[9]

There was also ample evidence of the existence of a conspiracy. For example, the jury was entitled to believe Zamora's testimony that he and others were involved in hiding the cocaine in the pickup, without crediting his testimony that tended to exonerate Hernandez.[10] In addition, mechanical expertise was required in order to conceal the cocaine in the manifold of the

---

[8]*See United States v. Shabazz*, 993 F.2d 431, 442 (5th Cir. 1993).

[9]*Jackson v. Virginia*, 443 U.S. 307, 318 (1979).

[10]*See United States v. Merida*, 765 F.2d 1205, 1220 (5th Cir. 1985).

pickup. Since there was ample evidence supporting Hernandez's convictions, we cannot say that there was a "miscarriage of justice."

Hernandez also contends that the district court reversibly erred by admitting into evidence statements made by Zamora to Customs Agent Daniel Gleckman after his arrest. Hernandez argues that the statements were not admissible under FED. R. EVID. 801(d)(2)(E) because they were not made in the course of and in furtherance of the conspiracy. Hernandez's argument is without merit.

Zamora, who had pleaded guilty on the conspiracy count, testified for the defense that he had agreed to transport the cocaine in the pickup without Hernandez's knowledge. After Hernandez rested his case, the Government called Agent Gleckman to testify in rebuttal. Defense counsel objected to Gleckman's testifying relative to Zamora's statements to him, arguing that he made them after his arrest and not in furtherance of the conspiracy. Both the court and the prosecutor then explained that the Government was calling Gleckman in order to impeach Zamora's testimony. Defense counsel responded that he would not object to it on that basis. Gleckman then testified that Zamora had said he had no knowledge that cocaine was ever placed or hidden in the pickup. Rule 607 provides in part that "[t]he credibility of a witness may be attacked by any party." Another witness's testimony

may be used to contradict that of the witness to be impeached.[11] Hernandez does not object to the use of Gleckman's testimony for impeachment purposes.  Accordingly, Hernandez is not entitled to any relief based on Gleckman's rebuttal testimony.[12]

AFFIRMED.

---

[11] 4 Weinstein's Federal Evidence, § 607.06[1] (2d ed. 2004).

[12] See Al-Ra'id v. Ingle, 69 F.3d 28, 33 (5th Cir. 1995) (holding that an appellant abandons a claim by not briefing it).