**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30907
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN PAUL STRAHAN,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50105-1

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

John Paul Strahan appeals the mandatory minimum fifteen-year sentence he received pursuant to his guilty-plea conviction of conspiracy to distribute fifty grams or more of methamphetamine and possession of a firearm in relation to a drug trafficking offense. Strahan contends, as he did at sentencing, that his sentence, as applied to the facts of his case, constitutes cruel and unusual punishment under the Eighth Amendment.

Strahan asserts that under the Ninth Circuit's opinions in Ramirez v. Castro, 365 F.3d 755 (9th Cir. 2004) and Rios v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Garcia</u>, 390 F.3d 1082 (9th Cir. 2004), the district court should have considered the following facts: (1) he was merely present in his house when the transaction occurred and he did not profit from the transaction; (2) the weapons involved in the transaction were kept outside of his home in a storage shed; and (3) his only past crime was a misdemeanor assault case, for which he received a probated sentence.

However, the Ninth Circuit's opinions are persuasive authority at most. Strahan does not point to any language in <u>Ewing v. California</u>, 538 U.S. 11 (2003), <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003), or any other Supreme Court or Fifth Circuit opinion requiring such in-depth analysis. In this circuit, we look to the Supreme Court's decisions in <u>Harmelin v. Michigan</u>, 501 U.S. 957 (1991), and <u>Hutto v. Davis</u>, 454 U.S. 370 (1982), as benchmarks for making the threshold determination whether a defendant's drug offense and sentence were grossly disproportionate. <u>See</u> <u>United States v. Cathey</u>, 259 F.3d 365, 368-69 & nn.13-14 (5th Cir. 2001).

Strahan's fifteen-year sentence for conspiring to distribute 168 grams of methamphetamine is not grossly disproportionate to his crime, and thus it does not violate the Eighth Amendment. <u>See</u> <u>Harmelin</u>, 501 U.S. at 1001-05; <u>Davis</u>, 454 U.S. at 370, 374-75; <u>Cathey</u>, 259 F.3d at 367-69.

**AFFIRMED.**

2