DENNIS, Circuit Judge,
concurring:
I respectfully concur in the judgment only. I cannot subscribe fully for several reasons.
First, I respectfully disagree with the majority’s broad, not clearly or immediately qualified, suggestions that AEDPA requires that federal courts apply a “deferential standard of review,” “defer to the state court’s adjudication of a defendant’s claims,” and presume that a state court’s conclusion “consistent with this circuit’s precedent ... falls within the broad discretion afforded the state court under § 2254(d)(l)[.]” The statute cited simply provides that
(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim — (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]
The statute says nothing about deference, a deferential standard, circuit court precedent, presumptions of correctness, or broad discretion. Although Justice Stevens has spoken of AEDPA as having “plainly sought to ensure a level of ‘deference to the determinations of state courts,’ provided those determinations did not conflict with federal law or apply federal law in an unreasonable way[,],” Williams v. Taylor, 529 U.S. 362, 386, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)(Stevens, J.), he makes clear that AEDPA does not intend for us to accord deference in the ordinary and commonly understood sense.
[I]t is significant that the word “deference” does not appear in the text of the statute itself. Neither the legislative history nor the statutory text suggests any difference in the so-called “deference” depending on which of the two phrases is implicated. Whatever “deference” Congress had in mind with respect to both phrases, it surely is not a requirement that federal courts actually defer to a state-court application of the federal law that is, in the independent judgment of the federal court, in error. As Judge Easterbrook noted with respect to the phrase “contrary to”: “Section 2254(d) requires us to give state courts’ opinions a respectful reading, and to listen carefully to their conclusions, but when the state court addresses a legal question, it is the law ‘as determined by the Supreme Court of the United States’ that prevails.” Lindh, 96 F.3d, at 869.
Williams, 529 U.S. at 386-7, 120 S.Ct. 1495. Justice Stevens further states
As Judge Easterbrook has noted, the statute surely does not require the kind of “deference” appropriate in other contexts: “It does not tell us to ‘defer’ to state decisions, as if the Constitution means one thing in Wisconsin and another in Indiana. Nor does it tell us to treat state courts the way we treat federal administrative agencies. Deference after the fashion of Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), depends on delegation. See Adams Fruit Co. v. Barrett, 494 U.S. 638, 110 S.Ct. 1384, 108 L.Ed.2d 585 (1990). Congress did not delegate either interpretive or executive power to the state courts. They exer *416 cise powers under their domestic law, constrained by the Constitution of the United States. ‘Deference’ to the jurisdictions bound by those constraints is not sensible.” Lindh v. Murphy, 96 F.3d 856, 868 (C.A.7 1996) (en banc), rev’d on other grounds, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).
Id. at n. 13.
Although these observations appear in part II of Justice Stevens’ opinion in Williams v. Taylor, which did not carry a majority, Justice O’Connor, who wrote part II for the majority, and Chief Justice Rehnquist, the only other Justice to write separately, did not disagree with Justice Stevens’ statement that AEDPA “surely does not require the kind of ‘deference’ appropriate in other contexts” (Lindh v. Murphy, 96 F.3d 856, 868 (7th Cir.1996)); rather, they dispute his interpretation of the phrase “contrary to, or an unreasonable application of.” I believe that the majority’s treatment of deference in connection with AEDPA, without needed explanation and qualification, is unnecessary and tends to be misleading and confusing.
Second, § 2254(e)(1) of AEDPA provides:
In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
This provision has nothing to do with fact-finding by the jury at the guilt or penalty phases of a capital murder trial. This section relates only to fact-finding by a state court in a state habeas proceeding. The applicant here simply did not carry his burden; he failed to present any new evidence in his habeas petition on this point. If he had done so, I do not believe that AEDPA authorizes the federal courts to erect a presumption against the petitioner in habeas proceedings based solely on the jury verdict at trial. Rather, this court would still be bound to determine whether the state court’s determination was reasonable in light of all the evidence presented at the state court habeas proceeding. The case the majority cites for the proposition, United States v. Cathey, 259 F.3d 365, 368 (5th Cir.2001), discusses the issue in a case heard on direct appeal and, I believe, is inapposite here.
Third, the jury instruction given by the Texas trial court at the capital sentencing proceeding required the jury to consider essentially any factor “that mitigates against the imposition of the death penalty.” Under the circumstances and in the context of this case, the Texas courts’ denial of habeas relief because of the arguable lack of complete perfection in this instruction was not contrary to or an unreasonable application of federal law as clearly established by the Supreme Court’s decisions. The discussion of Johnson v. Texas, 509 U.S. 350, 113 S.Ct. 2658, 125 L.Ed.2d 290,(1993), which presented a different issue and was decided with respect to a superseded sentencing regime, is unnecessary and may lead to confusion.
For the reasons given, I respectfully concur in the judgment only.