United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50321
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN SCOTT BAKER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-48-1
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:*

Kevin Scott Baker appeals the sentence imposed following his
jury conviction for distribution of marijuana.  He argues the
following:  (1) the district court's non-Guideline sentence was
plainly erroneous; (2) the charged conduct on which the jury
could not reach a verdict should not have been used to determine
his sentence; (3) the district court clearly erred in awarding a
two-level enhancement pursuant to U.S.S.G. § 3B1.3 for abuse of
position of trust; and (4) the district court clearly erred in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

awarding a two-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice.  We affirm.

Baker did not object to the district court's upward deviation, and, therefore, review is for plain error only.  See United States v. Jones, 444 F.3d 430, 436 (5th Cir.), cert. denied, 126 S. Ct. 2958 (2006).  Baker cannot show plain error with regard to the district court's finding that he committed the charged offenses on which the jury could not reach a verdict because "questions of fact capable of resolution by the district court can never constitute plain error."  See United States v. Chung, 261 F.3d 536, 539 (5th Cir. 2001) (internal quotations and citation omitted).

Furthermore, the jury's inability to reach a verdict on counts two and three of the indictment did not prevent the district court from sentencing Baker based on the charged conduct.  See United States v. Cathey, 259 F.3d 365, 369 (5th Cir. 2001).  Therefore, the district court did not give significant weight to an improper factor when upwardly deviating, and its reasons for the deviation were not inconsistent with 18 U.S.C. § 3553(a)(2)(A), (B).  See United States v. Smith, 440 F.3d 704, 708 (5th Cir. 2006).  Consequently, Baker has shown no error on the part of the district court.

Baker's suggestion that the district court failed to give adequate reasons for its deviation is inadequately briefed and is therefore waived.  See United States v. Thames, 214 F.3d 608, 611

n.3 (5th Cir. 2000).  Baker's argument that the charged conduct on which the jury could not reach a verdict should not have been used to determine his sentence is foreclosed by Cathey, 259 F.3d at 369.

We hold that Baker's use of a patrol car, or police-type vehicle, to distribute the marijuana was sufficient to support the district court's § 3B1.3 enhancement.  See United States v. Deville, 278 F.3d 500, 508 (5th Cir. 2002).  We further hold that the record supports the district court's finding that Baker perjured himself on the witness stand, thereby warranting a § 3C1.1 enhancement.  See § 3C1.1 & comment. (n.4(b)); United States v. Dunnigan, 507 U.S. 87, 94 (1993).  The enhancements were therefore not clearly erroneous.  See United States v. Villanueva, 408 F.3d 193, 203 n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).

AFFIRMED.