United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 29, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 06-51366
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS ALBARRAN,

Defendant-Appellant.

---

Appeal from the United States District Court for the
Western District of Texas
5:00-CR-117-17

---

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jesus Albarran was charged with and convicted of conspiracy
with intent to distribute more than five kilograms of cocaine in
violation of 21 U.S.C. §§ 841 and 846, and conspiracy to commit
money laundering in violation of 18 U.S.C. § 1956(h).  Albarran
appeals his convictions, arguing that the government presented

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

insufficient evidence to prove his identity.  Finding sufficient evidence as to each count, we AFFIRM Albarran's convictions.

In order to overturn a conviction for insufficient evidence, we must be satisfied that no rational jury could have found that the government proved the essential elements of each charge beyond a reasonable doubt.  *United States v. Anderson*, 174 F.3d 515, 522 (5th Cir. 1999).

The government presented more than adequate evidence for a juror to find that Albarran was involved with several other co-conspirators in an extensive cocaine smuggling operation.  *See* 21 U.S.C. § 846.  The evidence also adequately established that the profits from selling narcotics were funneled back into the operation, through the purchase of numerous vehicles and other assets.  *See* 18 U.S.C. § 1956(h)(a)(1)(A)(i).

We need not give a detailed account of the evidence, as Albarran focuses his argument on what he considers to be insufficient identification evidence.  This was a question in large part because the witnesses knew Albarran by the sobriquet "Venado." Albarran argues that the evidence was insufficient to show that he was the person involved known as Venado.  He has two bases for his complaint: (1) of the four witnesses that picked him out of a photo lineup, two could not positively identify him from the stand; and (2) the identifying witnesses were inherently unreliable because they were all co-conspirators with strong incentives to lie.

Neither of these complaints presents an adequate basis to

overturn Albarran's convictions. It is true that an uncertain identification *alone* will not support a conviction. *See United States v. Guerrero*, 169 F.3d 933, 942 (5th Cir. 1999). But here, four witnesses positively identified Albarran in a photo lineup. While two of them could not positively identify him in the courtroom, the government explained that Albarran's appearance changed drastically in the six years since those two witnesses last encountered Albarran. But even if we find that explanation inadequate and that no rational juror could have relied on those two witnesses, two other witnesses conclusively identified Albarran in the photo lineup *and* in the courtroom. Those positive identifications are sufficient to withstand this challenge.

Albarran then assails all of the witnesses' identifications as being self-serving and unreliable, largely because they were all co-conspirators. But "it is well-settled that credibility determinations are the sole province of the jury." *United States v. Cathey*, 259 F.3d 365, 368 (5th Cir. 2001). Albarran had the opportunity, and took it, to attempt to discredit these witnesses before the jury. The jury apparently found the witnesses to be convincing despite any biases. We will not disturb that determination simply because the witnesses arguably had incentives to give false testimony.

Finding that sufficient evidence exists on each count, we AFFIRM Albarran's convictions.