**ALD-151**                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1079
_____

JESUS ALBARRAN,

Appellant

v.

UNITED STATES OF AMERICA; DONNA ZICKEFOOSE,
WARDEN AT FCI FORT DIX PRISON

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-10-cv-02640)
District Judge:  Honorable Robert B. Kugler

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6(a)
March 31, 2011

Before:  SCIRICA, HARDIMAN AND VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 8, 2011)
_____

OPINION
_____

PER CURIAM

Jesus Albarran, a pro se prisoner, appeals from an order of the United States

District Court for the District of New Jersey dismissing his petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, we will summarily affirm. See I.O.P. 10.6.

## I.

In 2006, Albarran was convicted in the United States District Court for the Western District of Texas of conspiracy with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841 and 846, and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). He was sentenced to 292 months of imprisonment. The United States Court of Appeals for the Fifth Circuit affirmed his judgment of sentence. See United States v. Albarran, C.A. No. 06-51366 slip op. (5th Cir. Jun. 29, 2007). The sentencing court later denied Albarran's motion pursuant to 28 U.S.C. § 2255.

In May 2010, Albarran filed a habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey – the District of his confinement. Albarran presented the following grounds for relief: (1) the government's failure to disclose all material evidence prior to trial violates his rights under the Fifth Amendment; (2) the 292-month sentence violates his Eighth Amendment rights; (3) the 292-month sentence violates 18 U.S.C. § 3553(a); (4) the 292-month sentence violates the Fifth and Sixth Amendments because the quantity of cocaine was not an element of the indictment and not proven beyond a reasonable doubt; and (5) the excessive sentence

2

deprived him of liberty without due process of law. The District Court dismissed the petition for lack of jurisdiction. Albarran appeals.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Upon review, we agree with the District Court that Albarran may raise his claims only in a motion pursuant to 28 U.S.C. § 2255.

A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A habeas petitioner may seek relief under § 2241 only if the remedy provided by § 2255 is "inadequate or ineffective" to test the legality of his detention. See Dorsainvil, 119 F.3d at 249-51. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d at 539. Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his

3

conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

We agree with the District Court that Albarran has not demonstrated that a § 2255 motion provides inadequate or ineffective means to raise his claims. Id. To the extent that he wishes to file a second or successive § 2255 motion with the sentencing court, he must request authorization from the United States Court of Appeals for the Fifth Circuit before doing so. See 28 U.S.C. § 2244(b)(3)(A).

As Albarran's appeal presents no substantial question, we will summarily affirm the order of the District Court. See Third Cir. LAR 27.4; I.O.P. 10.6.