United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 16, 2006**

Charles R. Fulbruge III
Clerk

REVISED OCTOBER 19, 2006
IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-40877
_____

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

                    versus

MARCUS TREMAIN ARNOLD,

                                    Defendant - Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas, Beaumont Division
USDC No. 1:04-CR-76-ALL
_____

Before KING, GARWOOD and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Marcus Tremain Arnold ("Arnold") was convicted by a jury of possession with intent to distribute more than 50 grams of cocaine base ("crack"), possession of a firearm by a felon, and possession of a firearm in furtherance of drug trafficking. He was sentenced to life imprisonment for the first crime under an enhancement provision for two-time felony drug offenders. On appeal, Arnold challenges (1) the sufficiency of the evidence on all counts, (2) the admission of Federal Rule of Evidence 404(b) evidence of a prior conviction, and (3) the district court's ruling that an incorrectly-cited statute in the Government's pre-trial 21 U.S.C. § 851 sentencing enhancement notice constituted clerical error.

Because we find no error as to Arnold's first two challenges, we affirm his conviction on all three counts. Lacking an adequate record to rule on his third challenge, we remand the case to the district court for the limited purpose of determining whether Arnold was prejudiced by the citation error in the Government's notice.

I

On April 28, 2004, officers of the Orange (Texas) Police Department executed a search warrant at 418 Dewey Street in Orange, a residence rented to Arnold. No one was at home. During their search of the house, the officers found 99.78 grams of cocaine base ("crack") in a box of Betty Crocker Instant Mashed Potatoes and a loaded Ruger 9mm semiautomatic pistol, among other contraband not relevant to this appeal.

Arnold was named in a one-count indictment on May 19, 2004, charging him with possession with intent to distribute more than 50 grams of crack in violation of 21 U.S.C. § 841(a). Exactly three months later on August 19, 2004, Arnold was named in a three-count first superseding indictment. The first charge was the same as that in the original indictment ("Count 1"), while the second alleged possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) ("Count 2") and the third alleged possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) ("Count 3"). Arnold's first trial ended in a mistrial on November 10. On January 5, 2005, a second jury was

empaneled and the trial concluded the next day with a verdict of guilt on all three counts.

During the second trial, the district court conducted a Beechum[1] hearing on the admissibility of evidence of Arnold's prior crimes and bad acts pursuant to Rule 404(b) of the Federal Rules of Evidence. (Arnold was convicted of drug-related crimes in Texas in 1992, 1993 and 1995). The court excluded evidence of the first two convictions but allowed the Government to present evidence of a 1995 arrest and conviction for possession of roughly four grams of crack.

The Government originally filed a Notice of Information of Prior Convictions for Purpose of Increased Punishment on August 16, 2004, fulfilling the command of 21 U.S.C. § 851. The notice stated that the Government intended to rely on Arnold's previous felony drug convictions to enhance his sentence as provided by 21 U.S.C. § 841(b)(1)(B). On February 22, 2005, after Arnold's conviction on all counts, the Government offered an amended notice of enhancement. The only change was to the statutory citation, replacing the above with the adjacent subparagraph, § 841(b)(1)(A).[2]

---

[1]United States v. Beechum, 582 F.2d 898 (5th Cir. 1978) (en banc).

[2]The full significance of this change is discussed in section II.C infra. See text accompanying note 4.

After the U.S. Probation Department provided the parties with a pre-sentence report, Arnold challenged the report, arguing that its reliance on the February 22, 2005 amended notice to establish a statutory sentence range of life imprisonment for Count 1 was improper.  At the sentencing hearing on May 23, 2005, the district court overruled Arnold's challenge and sentenced him to life in prison for Count 1.  Arnold timely appealed.

II

Arnold challenges (1) the sufficiency of the evidence on all three convictions, (2) the admission of Rule 404(b) evidence and (3) the district court's decision that the Government's citation mistake in its initial § 851 notice was clerical error.  We consider each in turn.

A

The first issue presented on appeal is the sufficiency of the evidence to support Arnold's convictions.  "Where, as here, the defendants moved for judgment of acquittal at the close of the evidence, we decide whether the evidence is sufficient by 'viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict' and determining whether 'a rational jury could have found the essential elements of the offenses beyond a reasonable doubt.'"  United States v. Valdez, 453 F.3d 252, 256 (5th Cir. 2006) (quoting United States v. Pruneda-Gonzalez, 953 F.2d 190, 193 (5th Cir. 1992)).

1

Arnold's challenge to Count 1 contends that the Government did not prove beyond a reasonable doubt that he knowingly had constructive possession of the drugs. The Government must prove that the defendant knowingly possessed a controlled substance, that the substance was in fact crack and that the defendant possessed the substance with the intent to distribute it. United States v. Delgado, 256 F.3d 264, 274 (5th Cir. 2001). Possession may be either actual or constructive. Constructive possession is found if the defendant knowingly has "ownership, dominion or control over the contraband itself or over the premises in which the contraband is concealed." United States v. Cardenas, 748 F.2d 1015, 1019 (5th Cir. 1984).

Arnold first argues that several other individuals lived in the residence at 418 Dewey Street and that therefore this is a case of joint occupancy. While admitting that he was the sole tenant on the lease, Arnold points to the testimony of Greg Richards ("Richards") at trial that Richards and others lived at the house for extended periods. Arnold also appears to argue that he did not live in the house. Instead, he only came to 418 Dewey Street for weekends and holidays. Citing the testimony of Richards and that of Arnold's two sisters, Arnold claims that at the time of the search in April 2004, he was living at his girlfriend's apartment.

The Government cites ample evidence of Arnold's individual control and dominion over the house, in particular that Arnold (1) rented the property in his own name and paid all rent from January

5

2003 to January 2005, (2) changed the lock after moving in to restrict access, (3) installed a video surveillance system to monitor the front door, (4) paid all utility bills, and (5) listed 418 Dewey Street as his place of residence on his driver's license and automobile insurance. Responding to the claim that Arnold lived at his girlfriend's apartment, the Government also contends that Arnold listed 418 Dewey Street as his address when he rented a car from Enterprise on three occasions in April 2004. Further, the Government submits that the jury simply did not find Richards credible, citing inconsistencies in his testimony at different stages in the proceedings. It also points to Richards's two admissions under oath that he did not have a key to the residence. As the Government notes, "it is well-settled that credibility determinations are the sole province of the jury." United States v. Cathey, 259 F.3d 365, 368 (5th Cir. 2001).

Given all of the evidence cited by the Government, this is not a case of joint occupancy. Nor is it difficult to see why the jury did not credit Arnold's argument that he lived elsewhere. Viewing the evidence in the light most favorable to the jury's verdict, it is clear that a rational jury could have concluded that Richards was not credible, that Arnold occupied the house at 418 Dewey Street as its resident and therefore that he had constructive possession of the crack through his "dominion or control ... over the premises in which the contraband is located." Cardenas, 748 F.2d at 1019.

6

Arnold's challenge to the sufficiency of the evidence to convict him on Count 2 (possession of a firearm by a felon) recapitulates much of what he argued as to Count 1, namely that he did not have dominion and control over the residence. We reject this argument for the reasons cited above. The additional claim here is based on Richards's testimony at trial that he purchased the pistol, it belonged to him, and he put it in the location in the house where it was found by police. Arnold also contends that no evidence ties him directly to the gun. Support for the jury's finding that Richards was not credible on this issue, the Government offers, can be found in his admission under cross-examination that he had previously testified that the gun was a Glock, rather than a Ruger brand pistol.

In the light of the inconsistencies in Richards's testimony as to the gun's maker and the jury's finding that Arnold was in possession of a gun that Richards stated belonged to him (Richards), it is clear that the jury did not find Richards to be credible. And that was a determination for the jury to make. Cathey, 259 F.3d at 368.

Arnold's challenge to the sufficiency of the evidence to convict him on Count 3 (possession of a firearm in furtherance of a drug trafficking crime) does not cover any new ground. For Count 3, the Government had to prove beyond a reasonable doubt that

Arnold used or carried a firearm during and in relation to a drug trafficking crime. United States v. Tolliver, 61 F.3d 1189, 1218 (5th Cir. 1995). Arnold's challenge to the predicate drug crime is the same as analyzed above as to Count 1. Arnold also claims again that no evidence showed Arnold "using or carrying the firearm" and that the gun belonged to Richards.

The Government correctly points out in reply that the firearm part of Count 3 "does not depend on proof that the defendant had actual possession of the weapon or used it in any affirmative manner, but it does require evidence that the firearm was available to provide protection to the defendant in connection with his engagement in drug trafficking." United States v. Raborn, 872 F.2d 589, 595 (5th Cir. 1989). It argues again that the jury simply did not credit the testimony of Richards.

Taken as a whole and "[v]iewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict," there is little doubt that a "rational jury could have found the essential elements of the offenses beyond a reasonable doubt." Valdez, 453 F.3d at 256.

B

The second issue on appeal is Arnold's challenge to the trial court's admission of Rule 404(b) evidence. The rule provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other

8

purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FED. R. EVID. 404(b). Under our decision in <u>Beechum</u>, Rule 404(b) evidence must pass a two-part test. 582 F.2d at 911. "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403." <u>United States v. Willis</u>, 6 F.3d 257, 260 (5th Cir. 1993). On appeal, the district court's decision to admit such evidence is reviewed for abuse of discretion. <u>United States v. Pompa</u>, 434 F.3d 800, 804 (5th Cir. 2005).

Arnold first offers that the 1995 conviction does not show his constructive possession of the drugs found in the house at 418 Dewey Street. He questions the relevance of this evidence, arguing that the 1995 conviction is insufficiently similar to Count 1 to be probative of his conduct in 2004. He further claims that nine years is simply too long a gap between his prior bad act and Count 1.

We reject this argument because Arnold made his intent and knowledge regarding the crack found in the house the critical issues at trial. Intent and knowledge are two of the purposes cited in Rule 404(b) for the introduction of evidence of past crimes. Indeed, we have held that a trial court did not abuse its discretion in admitting evidence of defendant's prior convictions

9

for possession of cocaine and possession with intent to distribute cocaine, where prior convictions were expressly offered, admitted, and presented to jury for the purpose of showing the defendant's intent to constructively possess crack. See Willis, 6 F.3d at 263.

Furthermore, the amount of time that has passed since the previous conviction is not determinative. We have upheld the admission of Rule 404(b) evidence where the time period in between was as long as 15 and 18 years. See United States v. Hernandez-Guerra, 162 F.3d 863 (5th Cir. 1998); United States v. Chavez, 119 F.3d 342 (5th Cir. 1997). Furthermore, "[t]he age of a prior conviction does not bar its use under Rule 404." United States v. Broussard, 80 F.3d 1025, 1040 (5th Cir. 1996).

Arnold's argument that the 1995 conviction is irrelevant to whether he constructively possessed the drugs in question here seems premised on a legal error. Arnold argues that the amount of drugs here "was undisputed; it was clearly enough to show 'intent to distribute.'" That "intent" is not the same "intent" that Rule 404(b) offers as a legitimate purpose for the introduction of a prior conviction. "Intent" for Rule 404(b) concerns whether the defendant had the requisite state of mind to commit the charged crime.[3] The rationale for admitting this evidence is "that because the defendant had unlawful intent in the extrinsic offense, it is less likely that he had lawful intent in the present offense."

[3]This crime, meanwhile, presumes a different "intent" -- the intent to distribute from the amount of drugs possessed.

10

Beechum, 582 F.2d at 911.  Arnold denies that the drugs found at the Dewey Street residence were in his possession.  Thus, under Rule 404(b), the 1995 drug conviction can be probative of whether Arnold controlled and possessed these drugs found at this residence in 2004.  In sum, it seems clear that the district court did not abuse its discretion in admitting Arnold's 1995 conviction.

C

Arnold's final challenge is to the district court's decision to allow the Government to amend its Notice and Information of Prior Conviction after trial.  Section 851 requires that the U.S. Attorney file such an information with the court before trial in order to take advantage of sentence enhancements for prior convictions.  21 U.S.C. § 851(a)(1) (2006).  The information must list the previous convictions to be relied upon and the statute also provides that "[c]lerical mistakes in the information may be amended at any time prior to the pronouncement of sentence."  Id. "The sufficiency of a § 851(a) information is a question of law; therefore, we review the adequacy of the Government's compliance with § 851(a) de novo."  United States v. Steen, 55 F.3d 1022, 1025 (5th Cir. 1995).  If the Government "fails to comply with § 851's procedural requirements, a district court cannot enhance a defendant's sentence."  Id.

Arnold contends that in its August 16, 2004 Information the Government did not make a clerical error, as found by the district court, but instead a legal one.  Although "clerical error" is not

11

defined by § 851, we have previously found guidance for interpreting it in the Federal Rules of Civil Procedure (especially Rule 60(a)) and Criminal Procedure (especially Rule 7(c)(3)) and case law applying those rules. Steen, 55 F.3d at 1026 n.3. Generally, "the relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule." Id. We have also held that "an enhancement information performs a function in sentencing analogous to the function an indictment or information performs in bringing the initial charges. Thus Rule 7(c)(3) applies to sentencing enhancement informations." United States v. Garcia, 954 F.2d 273, 276 (5th Cir. 1992). "Incorrect citations of statutes are harmless under Rule 7(c)(3) unless the defendant was misled to his prejudice." Id.

Arnold argues, as he must, that he was misled to his prejudice and that his substantial rights were affected by the Government's error in citation. The purpose of putting the enhancement statute citation in the information, Arnold contends, is not only to provide notice about the convictions upon which the Government will rely, but also to indicate the possible sentence faced under the enhancement provision. As Arnold's appellate brief put it, "in the first Notice, the Government tells you that they are seeking an enhanced punishment range from 10 years to life. In the second

12

Notice, the Government tells you that they are seeking a mandatory life sentence." Indeed § 841(b)(1)(B), the statute cited in the August 2004 information, provides that "[i]f any person [violates § 841(a)] ... after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment ...." Subparagraph 841(b)(1)(A), cited in the amended February 2005 information, by contrast provides that "[i]f any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release ...."[4] Which section applies depends on the amount of drugs the defendant is alleged to have had. Subparagraph 841(b)(1)(B) covers violations involving 5 grams or more of cocaine base, while 841(b)(1)(A) covers violations involving 50 grams or more.

Arnold's argument, then, is that citing the wrong statute holds serious consequences, because instead of thinking that he faced life in prison without the possibility of parole, Arnold believed he faced 10 years to life. As the Government acknowledges, at both his original May 2004 indictment and the

---

[4]The base sentence under § 841(b)(1)(A) is 10 years to life. There is also an enhancement for one-time offenders under § 841(b)(1)(A) to a term of 20 years to life. Section 841(b)(1)(B) does not differentiate between one and two-time offenders.

13

August 2004 first superseding indictment, Arnold was advised by the district court that he faced 10 years to life.

The Government acknowledges the error made in the August 2004 Notice and makes two primary arguments for its position that the error was a clerical one and the district court did not err in allowing the Notice to be amended post-conviction in February 2005. First, the Government asserts that notices under § 851(a) are designed to give the defendant warning of the prior convictions the will rely on, not to identify possible sentencing ranges. As we stated in discussing the legislative history of § 851(a), "Congress intended that defendants receive notice of the prior convictions on which the court is relying in time for the defendants to challenge the use of those convictions." Steen, 55 F.3d at 1027. Arnold, the Government points out, is not challenging the sufficiency of the information regarding his prior convictions, nor did he challenge the validity of those convictions. Thus, the Government complied with the statute, even though it cited the wrong subparagraph.

The Government is correct to point out that in Steen we identified the purpose of § 851 as providing notice to the defendant of the prior convictions so that they may be challenged. 55 F.3d at 1027. Support for this was found in United States v. Belanger, 970 F.2d 416, 418 (7th Cir. 1992), which stated "that § 851 was enacted to satisfy [the] due process requirement of notice and opportunity to be heard." Steen, 55 F.3d at 1027 note 9. More

14

recently, in a case in which the Government failed to make the required § 851 filing, we stated that "the main purpose of § 851 ... is to inform the defendant that the government intends to seek a sentencing enhancement ...." United States v. Dodson, 288 F.3d 153, 159 (5th Cir. 2002). The Eleventh Circuit, meanwhile, has held that "[t]here are two purposes for this provision.... The first is to allow the defendant to contest the accuracy of the information. The second is to allow defendant to have ample time to determine whether to enter a plea or go to trial and plan his trial strategy with full knowledge of the consequences of a potential guilty verdict." United States v. Williams, 59 F.3d 1180, 1185 (11th Cir. 1995). We believe, certainly as applied to this appeal, that the Eleventh Circuit has stated the guiding purposes of § 851. Although the primary purpose of § 851 is to allow the defendant to contest the use of the prior convictions, it is also designed to inform defendants of the possible sentencing consequences of a guilty verdict under the enhancement provision at issue.

The Government's second argument is that Arnold could not reasonably have been prejudiced by the incorrect citation. The first basis for this position is that § 851(b)(1)(B) refers to violations of more than 5 grams of cocaine base and Arnold had been repeatedly advised that he was being charged with possessing more than 50 grams. That amount is listed in § 851(b)(1)(A). Therefore

Arnold had to know that the Government had made a clerical error and the appropriate penalty subparagraph was the one that cited the amount of drugs listed in Count 1. The second basis is that § 841(b)(1)(B) would "not entail enhanced punishment at all" because its maximum sentence is the same as what Arnold was originally advised was the range for Count 1, namely 10 years to life.[5]

To recapitulate, Arnold's claim is that he was misled to his prejudice because of the potentially confusing fact that both relevant subparagraphs of § 841(b)(1) include a statutory range of 10 years to life imprisonment. While Arnold makes no claim that his defense at trial would have been different had the Government

_____

[5]It appears the Government and the district court may have made a minor mistake (or, at least, an elision) here. In its brief the Government stated that "the District Court correctly analyzed that such an enhancement under Section 841(b)(1)(B) would pertain to an offense involving 5 grams or more of cocaine base, and would require a statutory sentencing range of not less than five years and not more than forty years, unless death or bodily injury results from the use of such substance, then the range increases to not less than 20 years and not more than life. Since the indictment charged an amount of cocaine base of 50 grams or more, contained no allegation of death or bodily injury resulting from the use of the cocaine base, and since Appellant had been arraigned and advised that his penalty range upon conviction was 10 years to life, an enhancement notice under ... 841(b)(1)(B) would be not entail enhanced punishment at all" (sic). While it is true that the amounts of cocaine base were different and there was no allegation of death or bodily injury, this discussion leaves out the enhancement for prior felony drug offenders under sub-paragraph (B), which increases the standard five to 40-year range to 10 to life imprisonment. This is the only prior conviction enhancement under § 841(b)(1)(B). Recognizing this makes Arnold's argument that he reasonably relied on the range in the mis-cited sub-paragraph much more comprehensible. If he was told "10 years to life" and then looked up § 841(b)(1)(B), he would have found that range as the sentence enhancement for prior felony drug offenders.

16

not made this error, it is understandable that he might have taken a different tack in plea-bargaining or trial strategy had he known he was facing a mandatory minimum of life imprisonment.

At oral argument, it was suggested by the Government that Arnold was aware that he faced a mandatory life sentence if he went to trial and was found guilty. If this fact was known to him and to his attorneys, then the erroneous citation in the Government's Enhancement Notice would constitute a clerical error, because it would not have prejudiced him or affected his substantial rights. At oral argument Arnold was represented by different counsel than at trial and consequently counsel for Arnold was unable to confirm or deny the content of the discussions between the parties during pre-trial conferences. The record before us is inconclusive on Arnold's knowledge of a possible life sentence, and consequently we find that it is inadequate to make a decision in which we would have full confidence.

Thus we think a limited remand is required in this case. The district court should conduct a hearing at which the Government and Arnold will be permitted to call witnesses and introduce exhibits and other appropriate evidence to help the trial court determine whether Arnold was aware before trial that a mandatory life sentence could be imposed upon his conviction; and, if not, whether, in this particular case, such ignorance did in fact make any difference in the defense conduct respecting the case. The

17

district court should make adequate findings and conclusions for purposes of a possible appeal.

III

For the reasons cited above, Arnold's conviction on all three counts is AFFIRMED. His challenge to the district court's decision that the incorrect statutory citation in the Government's Sentencing Enhancement Notice was clerical error is REMANDED to the district court for a limited evidentiary hearing on that issue and such other necessary proceedings that are not inconsistent with this opinion.

AFFIRMED in part and REMANDED for further proceedings.

18