United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-40877
_____

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

                    versus

MARCUS TREMAIN ARNOLD,

                              Defendant - Appellant.
_____

        Appeal from the United States District Court
     for the Eastern District of Texas, Beaumont Division
_____


Before KING, GARWOOD and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

    In a previous opinion in this case, after affirming Arnold's convictions, we ordered a limited remand to the district court with respect to the enhancement of his sentence on Count One.  United States v. Arnold, 467 F.3d 880, 888 (5th Cir. 2006).  We did so because the record was inadequate to determine whether Arnold had been prejudiced by the Government's statutory citation error in its pre-trial Sentencing Enhancement Notice, which reflected the Government's intention to seek a sentence of ten years to life. Arnold went to trial and was convicted.  After his conviction, the Government corrected the citation error in an amended notice, which

now reflected that the Government intended to seek a mandatory life sentence on Count One.[1]  <u>Id.</u>

On remand, the district court, after holding a hearing, held that, regardless of whether the burden was on Arnold to show he had no pretrial notice of the Government's intention to seek a mandatory life sentence, or instead on the Government to show that he did have such notice, it was clear that Arnold was not adequately notified of the possibility of a mandatory life sentence.  Further, he had been prejudiced because "[w]ithout notice that he would face a mandatory enhancement ... Arnold did not have adequate information to decide whether to enter a plea or go to trial.  Therefore, Arnold's substantive rights were affected."

The case is now back before us.  Based on the district court's finding of prejudice, the sentence imposed on Count One is VACATED and the case is REMANDED for re-sentencing.

SENTENCE ON COUNT ONE VACATED; REMANDED FOR RE-SENTENCING.

---

[1] Arnold was also sentenced to concurrent terms of 120 months on Count Two and 60 months on Count Three.