IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2007

Charles R. Fulbruge III
Clerk

No. 06-10378
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KODJOVI MARSHALL HADEN

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-109-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Kodjovi Marshall Haden filed a pro se appeal from his conviction and sentence for conspiracy to make, utter, and possess counterfeited securities of an organization; making and possessing a counterfeited security of an organization; counterfeiting securities of the United States; possession of false identification documents; and aggravated identity theft. Haden has filed a brief arguing that: the district court lacked jurisdiction in this case; his due process rights were violated because he was not present at grand jury proceedings and was not

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

afforded an opportunity to challenge the array of the grand jury; the indictment was defective in form; the evidence was insufficient to support his convictions on Counts 3-6; his trial counsel was ineffective; his due process rights were violated because he was not given fair notice of his trial date; the district court erred by failing to give a requested jury instruction on jurisdiction; and the district court was not authorized to sentence him to a term of imprisonment. Haden has also moved for an order requiring the Government to prove that the lower court was a district court within the meaning of 28 U.S.C. § 1291 and for an order reversing his conviction and dismissing the case against him on jurisdictional grounds. The Government has moved to dismiss the appeal, summarily affirm or, alternatively, for an extension of time in which to file a brief.

Haden's jurisdictional arguments are frivolous. The district court had jurisdiction in the instant case. See 28 U.S.C. § 124; see also United States v. Jackson, 313 F.3d 231, 233 (5th Cir. 2002); United States v. McDonald, 106 F.3d 1218 (5th Cir. 1997); United States v. Hamilton, 48 F.3d 149 (5th Cir. 1995); United States v. Chappell, 6 F.3d 1095 (5th Cir. 1993); Downing v. United States, 348 F.2d 594, 598 (5th Cir. 1965). Haden did not have the right to be present or to offer exculpatory evidence during grand jury proceedings. See FED. R. CRIM. P. 6(d). His assertion that he was prevented from filing a motion to challenge the makeup of the grand jury is not supported by the record and does not entitle him to relief. Haden's claim that the indictment was defective in form is likewise without merit.

Haden argues that the evidence is insufficient to support his convictions under 18 U.S.C. § 471 and 18 U.S.C. § 513(a) because the Government failed to introduce physical documents as evidence. Haden's conviction will be upheld on appellate review if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Arnold, 467 F.3d 880, 883 (5th Cir. 2006). A review of the sufficiency of the evidence does not

include a review of the weight of the evidence, since such determinations are within the jury's sole province. United States v. Myers, 104 F.3d 76, 78-79 (5th Cir. 1997). Neither 18 U.S.C. § 471 nor 18 U.S.C. § 513(a) requires the production of any document, much less a particular type of document, in order to sustain a conviction. Accordingly, this argument is without merit.

The record is not sufficiently developed at this time to allow consideration of Haden's ineffective assistance of counsel claim. See United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987). Accordingly, we decline to consider that claim in this direct appeal. See United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995).

Haden has not shown that the district court plainly erred by failing to give him notice of his December trial date. See United States v. Milton, 147 F.3d 414, 420 (5th Cir. 1998). Additionally, Haden has not shown that the district court abused its discretion by refusing to give a jury instruction regarding jurisdiction where the requested instruction contained an incorrect statement of the law. See United States v. Tomblin, 46 F.3d 1369, 1378-79 (5th Cir. 1995). Haden's argument regarding the district court's authority to impose a sentence after a jury finding of guilt is frivolous.

Haden's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, the Government's motion to dismiss is granted and the appeal is dismissed. See 5TH CIR. R. 42.2. Haden's outstanding motions are denied.

APPELLEE'S MOTION GRANTED; APPEAL DISMISSED; APPELLANT'S MOTIONS DENIED.