# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-10745
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBERTO PEREZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-3-17

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roberto Perez appeals his guilty plea conviction and 189-month sentence for possession of a controlled substance with intent to distribute and aiding and abetting. Perez asserts that the trial court erred in accepting his guilty plea and sentencing him because he did not understand the proceedings or the presentence report , which was not translated into his native language; that trial counsel rendered ineffective assistance; and that the trial court erred in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

accepting his guilty plea and the presentence report because they were not adequately supported by the factual basis.

Perez raises these issues for the first time on appeal; therefore, review is for plain error only. See United States v. Castro-Trevino, 464 F.3d 536, 541 (5th Cir. 2006). The record demonstrates that the district court, aware of the language barrier, personally participated in the colloquy mandated by Rule 11 of the Federal Rules of Criminal Procedure and satisfied itself, as required, that Perez voluntarily pleaded guilty and understood the nature of the charges against him as well as the consequences of his plea. See United States v. Rodriguez-DeMaya, 674 F.2d 1122, 1125-26 (5th Cir. 1982). In addition, the district court did not err in not finding that the alleged language barrier tainted the guilty plea. Perez had the benefit of an interpreter at every hearing; all legal documents, except the presentence report and addendum, were translated into Perez's native language; and Perez admitted that he could understand the majority of the dialogue. See id.

The record is insufficiently developed to allow consideration at this time of Perez's claims of ineffective assistance of counsel; such claims generally "cannot be resolved on direct appeal when [they have] not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." United States v. Cantwell, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted).

Furthermore, Perez fails to specify what elements of the offense charged are not supported by the factual resume; however, he admitted to facts sufficient to support all of the elements of the offense--that is, that he knowingly possessed over 50 grams of methamphetamine with intent to distribute. See United States v. Arnold, 467 F.3d 880, 883-84 (5th Cir. 2006). Perez also fails to show that the presentence report does not bear adequate indicia of reliability to permit reliance thereon at sentencing. See United States v. Cabrera, 288 F.3d 163, 172 (5th Cir. 2002). Accordingly, the judgment of the district court is AFFIRMED.