IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

F I L E D

November 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-31158

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PETER A. WILLIAMS, JR.,

Defendant - Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
2:07-CR-35-1

Before DAVIS, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Peter A. Williams, Jr. challenges his conviction following a guilty verdict on three counts: two weapons counts and one drug trafficking count. For the reasons stated below we affirm Williams' conviction.

I.

Following his arrest in New Orleans, Williams was indicted in February 2007 for possession of a firearm by a convicted felon, 18 U.S.C. §922(g)(1); possession with intent to distribute two grams of crack cocaine, 21 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. §924(c)(1).

Stating the facts in a light most favorable to the verdict, the evidence revealed the following. On January 26, 2007, two New Orleans police officers, Michael Dimarco and Octavio Baldassaro, observed Williams in a high crime area in New Orleans where the officers were on duty. When Williams saw the officers, he ran. As Williams ran down an alleyway the officers saw him throw a firearm between two houses. The officers retrieved the firearm from the location where Williams had discarded it. The officers then were able to apprehend and arrest Williams. When the officers searched Williams they recovered a plastic sandwich bag containing two smaller bags which held rocks of crack cocaine and $375. No crack pipe or other items associated with personal use of narcotics was recovered. A number of other officers who were patrolling in the area arrived on the scene as the officers were chasing Williams. A drug dog was called to the scene but because the arrest had been made no search was made with the dog.

The government produced expert testimony that the drug packaging sizes and quantities the officers recovered from Williams were consistent with possession with intent to distribute rather than for personal use. The government called Jeff Sandoz, a New Orleans police officer who had participated in an April 9, 2003 arrest of Williams on the same street at almost exactly the same address for possession with intent to distribute crack cocaine. The officer testified that prior to the 2003 arrest, he observed Williams discard a plastic bag containing multiple rocks of crack cocaine and that they discovered over $600 in cash on Williams' person. The district court overruled the defendant's objection to the admission of evidence of this prior arrest under FED. R. EVID. 404(b). The court then issued a limiting instruction directing the jury that the evidence could only be considered for the limited purpose of establishing

the defendant's motive or intent to commit the crime charged and that it could not be used to establish bad character.

Williams called five witnesses including his grandparents and his girlfriend who testified that Williams never went down the alley where he was allegedly arrested. To rebut this testimony the government called another New Orleans police officer, Sergeant Hans Ganthier. Sergeant Ganthier testified that he arrived at the scene two to four minutes after the officers called out their location on the radio. Upon his arrival he saw Officer Baldassaro leading a person in handcuffs out of an alley and towards a police vehicle. Sergeant Ganthier was then allowed to testify, over a defense objection, that Officer Baldassaro told him he had arrested the individual for narcotics and weapons offenses.

Williams argues on appeal that his conviction should be reversed because the district court erred in (1) admitting the Rule 404(b) evidence of his prior arrest and (2) admitting the hearsay statement of Sergeant Ganthier. We will discuss these arguments in turn.

II.

A.

Williams argues first that the district court erred in admitting evidence of his 2003 arrest for possession with intent to distribute crack cocaine. Williams contends that because he pled guilty to a lesser offense, possession of crack cocaine, evidence of the charges lodged against him when he was arrested was improper.

Where relevant evidence of prior conduct may be admissible for such purposes as proof of motive, opportunity, intent, plan, absence of mistake or accident, or modus operandi, there is no requirement that the prior bad act result in conviction or even formal charges being filed. United States v. Gonzalez-Lira, 936 F.2d 184, 189 (5th Cir. 1991). We review admission of prior

bad acts under Rule 404(b) under what we have described as "a heightened abuse of discretion standard." United States v. Jackson, 339 F.3d 349, 354 (5th Cir. 2003). In Jackson we also made it clear that extrinsic evidence in criminal trials must be strictly relevant to the particular offense charged. Id. We employ a two-step test for analyzing Rule 404(b) evidence. Evidence is properly admitted under Rule 404(b) if (1) it is relevant to an issue other than the defendant's character, and (2) its probative value is not substantially outweighed by its undue prejudice. United States v. Leahy, 82 F.3d 624, 636 (5th Cir. 1996); United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978)(en banc). Except for the absence of any weapon, the 2003 arrest by Williams was, in practical terms, identical to the conduct for which he was arrested in 2007. The arrest was located at the same location and adjacent to the same premises where the arrest in this case occurred. It also involved the same type of illegal drug.

To obtain a conviction on a charge of possession of narcotics with intent to distribute requires the government to prove knowing possession of narcotics and specific intent to distribute. We have frequently held that extrinsic evidence of past drug offenses is "more probative than prejudicial" in cases like this one where intent is a statutory element of the crime charged. United States v. Harris, 932 F.2d 1529, 1534 (5th Cir. 1991). This is particularly true when, as in this case, the trial judge gives a careful limiting instruction. United States v. Crawley, 533 F.3d 349, 355 (5th Cir. 2008).

Williams' primary argument is that his prior offense was so old that its probative value was substantially outweighed by its prejudicial effect. But, in United States v. San Martin, we said "the test for remoteness need not and indeed cannot be reduced to a simple rule of thumb based solely on the number of years that have lapsed between the prior crime and the present offense charged. The better test . . . is whether the prior crime is similar [enough] in nature and in its material elements to have clearly probative value with respect

to the intent of the accused at the time of the offense charged." 505 F.2d 918, 922-23 (5th Cir. 1974). See also United States v. Arnold, 467 F.3d 880, 885 (5th Cir. 2006).

We are satisfied that evidence of the prior conduct was particularly relevant to the issue of knowledge and intent and the district court did not abuse its discretion in concluding that its probative value outweighed the prejudicial effect.

B.

Williams argues next that the district court erred in admitting Sergeant Ganthier's statement relating Officer Baldassaro's report that he had arrested Williams on weapons and drug trafficking charges. The district court overruled the hearsay objection on grounds that the statement was non-hearsay because the report by Baldassaro that he had arrested the individual for narcotics and weapons charges was not for the truth of the matter asserted but rather to explain Sergeant Ganthier's understanding of the unfolding events and to confirm that the person he observed being led out of the alley was in fact Williams.

The importance of Sergeant Ganthier's testimony rested primarily on his statement that he personally observed Officer Baldassaro leading Williams in handcuffs out of the alley and rebutting Williams witnesses' testimony that Williams had not been in the alley. Thus, even if Baldassaro's statement that he had arrested Williams on drug and weapons charges amounts to hearsay, it is clear to us that it was not prejudicial.

In addition to the testimony of the two arresting officers, who testified about their arrest of Williams, one of the officers on the scene in addition to Sergeant Ganthier saw the arresting officers lead Williams out of the alley in handcuffs. The fact that Williams was charged with weapons and drug offenses was a matter of record from the face of the indictment. Thus, even if the

statement of Officer Baldassaro as to the nature of the charges on which he arrested Williams is hearsay, that testimony was harmless beyond a reasonable doubt.

The conviction is AFFIRMED.