**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-50943
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNNY DELAROSA, also known as Juanillo De La Rosa,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-84-2

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Johnny Delarosa appeals the life sentence imposed following his guilty plea conviction to conspiracy with intent to distribute five kilograms or more of cocaine. Delarosa contends that his guilty plea must be set aside because he was not adequately informed of the possible sentencing consequences of his guilty plea. Specifically, he contends that the Government failed to adequately notify him that it was going to use his prior 1985 California conviction for possession of marijuana for sale to support an enhancement to life imprisonment. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

further asserts that the Government failed to notify him that it was going to present evidence of a conspiracy involving 170 kilograms of cocaine in support of a life sentence. He argues that the totality of the circumstances warrants the withdrawal of his guilty plea.

Delarosa's assertions are not supported by the record. The Government specifically advised Delarosa via indictment of the two convictions it planned to use to support a life sentence enhancement upon conviction. *See United States v. Arnold,* 467 F.3d 880, 886 (5th Cir. 2006). Further, as the district court noted at the sentencing hearing, "[i]t's preposterous that [Delarosa] states he had no notice" of a life sentence when one reviews the rearraignment transcript. The rearraignment transcript reveals that the district court advised Delarosa several times that he was "pleading guilty under circumstances where [he was] going to get life." *See United States v. Jones*, 905 F.2d 867, 868-69 (5th Cir. 1990); *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990). A review of the totality of the circumstances in the instant case indicates Delarosa was adequately informed of the possible sentencing consequences and that the district court did not abuse its discretion in denying his motion to withdraw his guilty plea. *See United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003); *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). Accordingly, the judgment of the district court is AFFIRMED.