# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 28, 2010

No. 09-40095
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CRUZ VILLEGAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-1089-13

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Cruz Villegas was convicted by a jury of conspiring to possess with intent to distribute more than 100 but less than 1,000 kilograms of marijuana and more than five kilograms of cocaine and conspiring to use and carry a firearm during and in relation to a drug trafficking crime. He was also convicted by a jury of possessing with intent to distribute more than five kilograms of cocaine. Villegas now appeals his convictions and his concurrent sentences of 200 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Villegas contends that the district court erred in admitting evidence regarding the gang membership of his co-defendants. He argues that the evidence was inadmissible under Federal Rule of Evidence 404(b).

To be admissible under Rule 404(b), evidence must pass a two-part test: (1) the evidence must be relevant to an issue other than character; and (2) the evidence must possess probative value not substantially outweighed by its undue prejudice and must meet the remaining requirements of Federal Rule of Evidence 403. *United States v. Arnold*, 467 F.3d 880, 885 (5th Cir. 2006). Under Rule 403, [a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403.

The Government's evidence showed that Villegas's co-defendant, Jesus Espinoza, who was also on trial, was the leader of a gang, and that others who participated in criminal acts were also gang members. The evidence of gang membership was relevant to show Espinoza's culpability in those criminal acts. Because the evidence of gang membership was relevant to an issue other than character, it was not prohibited under Rule 404(b). *See Arnold*, 467 F.3d at 885; *United States v. Ramos Rodriguez*, 926 F.2d 418, 421 (5th Cir. 1991). Any undue prejudice suffered by Villegas, who was not affiliated with a gang, was alleviated by the district court's jury instructions. *See Ramos Rodriguez*, 926 F.2d at 421 ("[A] jury is generally capable of properly applying evidence only against whom it is offered."). The district court did not abuse its discretion in admitting the evidence of gang membership. *See Arnold*, 467 F.3d at 885.

Challenging his sentence, Villegas contends that the district court erred by denying a reduction for a minor role in the offense under U.S.S.G. § 3B1.2. He argues that he was less culpable than the other co-conspirators because he was not a leader or organizer, because did not have a background in gang-related criminal activities, and because he did not personally possess a weapon. As to a carjacking incident, Villegas maintains that he had a lesser role than the other

participants because he was merely the driver and did not exit the car to threaten the victims. He also contends that he is less culpable than the other co-conspirators because he participated in only two of four criminal acts.

The defendant bears the burden of proving that he was a minor participant in the offense. *United States v. Garcia*, 242 F.3d 593, 597 (5th Cir. 2001). The district court's refusal to grant a § 3B1.2 reduction is entitled to great deference. *United States v. Devine*, 934 F.2d 1325, 1340 (5th Cir. 1991).

The record shows that Villegas participated in two criminal acts that benefitted the conspiracy. He drove a vehicle that was involved in the carjacking, an undertaking that resulted in the conspiracy obtaining approximately 10 kilograms of cocaine. Villegas was also involved in an October 2, 2006, home invasion, through which the conspiracy obtained at least 18 kilograms of marijuana. Villegas's activities were not peripheral to the advancement of the illicit activity. *See United States v. Villanueva*, 408 F.3d 193, 203-04. (5th Cir. 2005). He has not shown that the district court clearly erred in denying a reduction for a minor role in the offense. *See id.*

The judgment of the district court is AFFIRMED.