# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50229
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SELENA FLORES,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:17-CR-804-1

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Selena Flores challenges her jury-trial convictions for conspiracy to transport illegal aliens and illegal alien transportation for commercial advantage or private financial gain, in violation of 8 U.S.C. § 1324. At trial, the Government introduced evidence of Flores' prior arrest, under similar circumstances, for illegal-alien transportation.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

For the only issue raised on appeal, Flores asserts the district court abused its discretion in admitting this evidence, contending the probative value of the arrest was substantially outweighed by its prejudicial effect. Whether to admit evidence of prior arrests is governed by Federal Rule of Evidence Rule 404(b) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character . . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."). On appeal, "[w]e review the admission of Rule 404(b) evidence for an abuse of discretion with a heightened review in criminal cases". *United States v. Olguin*, 643 F.3d 384, 389 (5th Cir. 2011) (citation omitted). To be admissible, extrinsic-offense evidence (1) must be "relevant to an issue other than the defendant's character" and (2) "must possess probative value that is not substantially outweighed by its undue prejudice". *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

The district court ruled evidence of Flores' prior arrest was relevant to her intent, state of mind, and knowledge—permissible uses of extrinsic evidence under Rule 404(b)—in conjunction with both counts of the indictment. *See Huddleston v. United States*, 485 U.S. 681, 682, 685 (1988). Because our court has held pleading not-guilty to conspiracy puts a defendant's intent at issue for purposes of Rule 404(b), *see United States v. Gonzalez*, 76 F.3d 1339, 1347 (5th Cir. 1996) (citation omitted), and because knowledge of a person's status as an illegal alien is an element of 8 U.S.C. § 1324, the evidence proffered was relevant to an issue other than Flores' character. Flores does not contest the court's ruling. The ruling, however, informs our consideration of the prejudicial-effect issue raised by Flores.

No. 18-50229

In other words, at issue is only whether the undue prejudice to Flores substantially outweighed the evidence's probative value.  In deciding that question, courts consider "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions". *United States v. Kinchen*, 729 F.3d 466, 473 (5th Cir. 2013) (citation omitted). Our review utilizes "a lens that gives great deference to the district court's informed judgment in weighing the factors". *Id.* (citation omitted).

The facts surrounding Flores' prior arrest resemble those pertinent to the current offense.  In both instances, Flores was stopped at a temporary checkpoint on Farm to Market Road 2644 while driving an illegal alien.  In the instant case, this similarity was probative of Flores' knowledge of her passenger's illegal-alien status and Flores' intent to commit the charged offense.  Although a close resemblance between extrinsic-offense evidence and a charged offense can increase the risk of unfair prejudice to defendant, the evidence of Flores' prior arrest was not unfairly prejudicial because the prior misconduct was neither violent nor greater in magnitude than the charged offenses.  *See United States v. Hernandez-Guevara*, 162 F.3d 863, 872 (5th Cir. 1998) (holding, *inter alia*, the admission of prior-conviction evidence was not improper, as it "lacked the hallmarks of highly prejudicial evidence" because "[t]hey were not violent acts, nor were they greater in magnitude than the crimes for which [defendant] was on trial").

Further, Flores' prior arrest occurred approximately three years before the instant offense.  Our court has upheld the admission of extrinsic-offense evidence that was as many as 18 years old.  *See United States v. Arnold*, 467 F.3d 880, 885 (5th Cir. 2006) (citations omitted).

No. 18-50229

Finally, the risk of unfair prejudice to Flores was minimized by the court's Federal Rule of Evidence 105 jury instruction that the evidence could be considered only for the limited purpose of determining whether she had the requisite intent or state of mind to commit the charged offense. *See Kinchen*, 729 F.3d at 474 (holding the prejudicial effect of evidence "was further diminished by the district court's instructions to the jury regarding the limited purpose[] for which any evidence of other similar acts may be considered") (internal quotation marks and citation omitted).

Our court has consistently rejected challenges, like Flores', to the admission of evidence regarding prior instances of transporting illegal aliens, ruling:   the evidence was relevant to defendant's state of mind; and its probative value was not substantially outweighed by undue prejudice. *See Hernandez-Guevara*, 162 F.3d at 871–72; *United States v. Robles-Vertiz*, 155 F.3d 725, 730 (5th Cir. 1998).

AFFIRMED.