# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50148
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM JOSEPH DOW, also known as William Dow,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-130-2

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

William Joseph Dow appeals his jury conviction for aiding and abetting the possession with intent to distribute five or more grams of actual methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Dow contends that the district court abused its discretion by admitting his December 9, 2017 Facebook post under Federal Rule of Evidence 404(b). He argues that his humorous post about the effects of methamphetamine provided

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

no useful information regarding his knowledge of or intent to sell methamphetamine and that any probative value was significantly outweighed by the danger of undue prejudice.  Because Dow's arguments fail under both the abuse of discretion and plain error standards of review, we need not determine which standard applies in this case.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

We analyze Rule 404(b) admissions under the two-prong test outlined in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).  "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character.  Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of [Federal Rule of Evidence 403]."  *Beechum*, 582 F.2d at 911.

By pleading not guilty, Dow put his intent and knowledge at issue.  *See United States v. Arnold*, 467 F.3d 880, 885 (5th Cir. 2006).  Because his Facebook post about the effects of methamphetamine had a tendency to make it more probable that he was familiar with those effects and had an association with methamphetamine and its users, Dow cannot show that the district court abused its discretion by determining that the post was relevant to an issue other than his character.  *See Beechum*, 582 F.2d at 911.

Moreover, "a commonsense assessment of all the circumstances surrounding the extrinsic offense" demonstrates that its probative value was not substantially outweighed by the danger of unfair prejudice.  *Id.* at 914.  Dow does not articulate how he was unfairly prejudiced by the district court's admission of the Facebook post.  *See United States v. Bermea*, 30 F.3d 1539, 1562 (5th Cir. 1994).  The post "did not occupy a significant portion of the trial," *United States v. Adair*, 436 F.3d 520, 527 (5th Cir. 2006), and was not of such

a "heinous nature" that it would incite the jury to act irrationally, *Beechum*, 582 F.2d at 917. Any danger of unfair prejudice was further mitigated by the district court's instructions to the jury regarding the limited purpose for which it could consider the Facebook post. *See United States v. Kinchen*, 729 F.3d 466, 474 (5th Cir. 2013).

Finally, even if we were to conclude that the district court abused its discretion by admitting the Facebook post, the error was harmless. *See United States v. Flores*, 640 F.3d 638, 643 (5th Cir. 2011). The evidence at trial established that officers recovered more than 12 grams of methamphetamine, glass pipes, and a digital scale from a truck in which Dow was a passenger. Prior to the stop, the officers observed the truck leaving the residence of a known drug dealer. Dow falsely identified himself as another known drug dealer and initially claimed that all of the methamphetamine was his. In light of the overwhelming evidence of guilt, there is no reasonable possibility that the Facebook post contributed to the jury's verdict. *See id.* Accordingly, the district court's judgment is AFFIRMED.