# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 13, 2021

Lyle W. Cayce
Clerk

No. 20-40503
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DESMOND DERAY GATSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:19-CR-38-1

Before WIENER, SOUTHWICK, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Desmond Deray Gatson appeals his jury conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Gatson contends that the district court abused its discretion by admitting his September 15, 2017 and July 9, 2018 Facebook posts of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40503

unrelated firearms under Federal Rule of Evidence 404(b). He argues that these posts were not relevant to show his intent and knowledge and that any probative value was significantly outweighed by the danger of undue prejudice.

A district court's evidentiary rulings are reviewed for an abuse of discretion. *United States v. Kinchen*, 729 F.3d 466, 470 (5th Cir. 2013). We analyze Rule 404(b) admissions under the two-prong test outlined in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character." *Id*. "Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of [Federal Rule of Evidence] 403." *Id*.

Here, a firearm was discovered under the driver's seat of a vehicle driven by Gatson. Gatson's defense theory was that his mother, who owned both the firearm and the vehicle, accidently left the firearm in the vehicle and he had no knowledge of it when he later borrowed the vehicle. Thus, by pleading not guilty, Gatson put his intent and knowledge at issue. *See United States v. Arnold*, 467 F.3d 880, 885 (5th Cir. 2006). Because Gatson's Facebook posts showed his willingness and opportunity to possess firearms and not his character, the first prong of the *Beechum* test is satisfied. *See Beechum*, 582 F.2d at 910-11. Insofar as Gatson contends that there is no proof that he committed an "illegal extrinsic act," his arguments are unpersuasive. An extrinsic offense is not required to be proved beyond a reasonable doubt, but, instead, "the task for the trial judge is to determine whether there is sufficient evidence for the jury to find that the defendant in fact committed the extrinsic offense." *Id.* at 913. Gatson's own words in the captions of the Facebook posts were sufficient evidence for the jury to infer his intent and deduce that he had committed the extrinsic acts.

Having considered the relevant factors, *Kinchen*, 729 F.3d at 473, as well as the overall prejudicial effect of the extrinsic evidence, *United States v. Juarez*, 866 F.3d 622, 627 (5th Cir. 2017), we conclude that the potential prejudice of the evidence did not substantially outweigh its probative value. The evidence was probative of Gatson's intent and knowledge, and the risk of prejudice was sufficiently mitigated by the district court's preliminary instructions regarding the essential elements of the offense and the instructions it gave at the close of the case regarding the limited purposes for which the other acts evidence could be considered. *See United States v. Garcia*, 567 F.3d 721, 728-29 (5th Cir. 2009). While Gatson argues that the Facebook posts unfairly prejudiced the jury, they were not of a "heinous nature" that would "incite the jury to irrational decision by [their] force on human emotion" and were not "greater in magnitude" than the charged offense. *Juarez*, 866 F.3d at 629-30 (internal quotation marks and citation omitted). There was also "little opportunity of creating unfair prejudice" under Rule 404(b), as the challenged posts "did not occupy a significant portion of the trial." *United States v. Adair*, 436 F.3d 520, 527 (5th Cir. 2006).

Finally, even if we were to conclude that the district court abused its discretion by admitting the Facebook posts, the error was harmless. *See United States v. Hawley*, 516 F.3d 264, 268-69 (5th Cir. 2008). The evidence at trial established that Gatson was the primary driver of the vehicle. In particular, Gatson had incurred two traffic violations in 2019 before the February 8, 2019 offense, many of the recovered items linked Gatson to the vehicle, and other Facebook posts not challenged on appeal showed Gatson with the vehicle. Additionally, his wallet and phone were recovered from the same place as the loaded ammunition magazine, and Gatson made a spontaneous statement to the arresting officer about the gun case in the vehicle, which suggested knowledge of the firearm being in the vehicle. In

No. 20-40503

light of the overwhelming evidence of guilt, there is no reasonable possibility that the Facebook posts contributed to the jury's verdict. *See id*. at 268.

Accordingly, the district court's judgment is AFFIRMED.