United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50979
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LENNOX CONSTANTINE GORDON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas, Pecos
USDC No. 4:05-CR-137-ALL
--------------------

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Lennox Gordon appeals his convictions for
conspiracy to possess with intent to distribute marijuana, aiding
and abetting possession with intent to distribute marijuana, and
obstruction of justice.  Gordon also challenges the
reasonableness of his 97-month sentence.

I.    BACKGROUND

On June 14, 2004, Border Patrol Agents were conducting
traffic checks at the Sierra Blanca checkpoint.  A drug-detection
canine alerted to the rear of a semi-tractor truck hauling a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trailer carrying eight vehicles.  The driver, Steven Del Norman, was questioned regarding his citizenship.  After the alert, an agent climbed onto the trailer and smelled a strong scent of air freshener and marijuana from one of the vehicles.  Upon further inspection, the agents found 305 pounds of marijuana.  The marijuana was packaged in two different colors.

Subsequently, DEA agents debriefed Norman, who stated that he was transporting the drugs from Phoenix to Atlanta for a man who called himself "James Nails."  Nails had given Norman $4,000 and the key to the vehicle loaded with marijuana.  Norman agreed to make a recorded phone conversation with Nails.  During this conversation, Nails told Norman "Everything will be all-right [sic].  Let me tell ya.  Just, you got a phone call, ok, you need a car moved.  Somebody brings you the car and you move it."  Nails instructed Norman to tell the agents that "he got the car from a little Spanish guy named James."  Nails also said "They can't do nothing to you, so you just listen to what I'm saying.  We're going to get through it though, so just basically, you don't know.  You have no idea."  Norman identified "James Nails" as Gordon.

Norman also agreed to set up a controlled delivery of marijuana with Manuel Navarro, Gordon's co-conspirator, who owned 200 of the 305 pounds of marijuana seized from Norman's trailer.  As a result of Norman's cooperation, Navarro was arrested and

agreed to testify against Gordon.  Navarro testified that he began selling Gordon small quantities of marijuana while they attended high school in 1993 or 1994. After Navarro completed a prison sentence from 1996 to 2001, he resumed selling Gordon marijuana, but in larger shipments of 30-40 pounds.

Navarro further testified that the instant drug transaction was a joint venture and that his marijuana was packaged in one color, and Gordon's marijuana was packaged in a different color. Gordon had provided Norman as the driver for the shipment.

Gordon testified that he had no involvement with any illegal drug transportation.  He stated that he employed Norman to transport vehicles.  He admitted using the alias of "James Nails," but claimed it was in his capacity as a professional athlete.

The jury found Gordon guilty on all counts.  The Presentence Report (PSR) recommended a base offense level of 26, and an enhancement of two levels for Gordon's aggravating role as organizer, leader, manager, or supervisor pursuant to U.S.S.G. § 3B1.1(c), and two levels for obstruction of justice pursuant to § 3C1.1.  Gordon objected to the base offense level and the enhancements.  The district court overruled the objections and adopted the recommendations in the PSR, sentencing Gordon to 97 months of imprisonment.

II.  ANALYSIS

A.  Voir Dire

Gordon argues that the district court failed to conduct adequate voir dire regarding the possible existence of bias in favor of law enforcement.  A district court has broad discretion in determining how best to conduct voir dire.  *Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981); Fed.R.Crim.P. 24(a).  "On appeal, we will not disturb the scope and content of voir dire without a showing that there was insufficient questioning to allow defense counsel to exercise a reasonably knowledgeable right of challenge."  *United States v. Flores,* 63 F.3d 1342, 1353 (5th Cir. 1995).

Gordon complains that three jurors had relatives in law enforcement, one juror previously worked at a detention center, and five jurors had grand jury experience.  He asserts the "prejudice is clear."  Gordon is mistaken.  This Court has opined that "[m]arriage to a law enforcement official, without more, is insufficient to constitute bias."  *United States v. Crooks,* 83 F.3d 103, 107 n.16 (5th Cir. 1996).  Additionally, "[i]t is well settled that prior jury service alone, even in the same term of court, is not a sufficient basis to support a challenge for cause."  *United States v. Garza,* 574 F.2d 298, 302 (5th Cir. 1978).

Gordon also complains that he had to use the majority of his 11 peremptory challenges to strike persons with law enforcement experience. Because Gordon has failed to demonstrate bias, the use of his peremptory strikes did not harm him. *Cf. Garza,* 574 F.2d at 303 (explaining that "utilization of a peremptory challenge to strike a juror with prior jury experience is no different than using such a challenge to strike a juror who, for example, is the wife of a policeman or who is elderly").

More to the point, Gordon admits that in general the court made a "full inquiry as to the existence or absence of bias." The court specifically asked the venire whether anyone had a bias with respect to the testimony of law enforcement officers. Also, the court asked whether prior service on a grand jury would impact their ability to be fair and impartial. Defense counsel did not request any further questions for the venire.[1] On this record, we are not persuaded that Gordon has shown that the voir dire was inadequate, and therefore we find no abuse of discretion.

### B. Rule 404(b) Evidence

Gordon contends that the district court erred in admitting prior alleged drug transactions which were remote in time and

---

[1] It is worth noting that the district court granted all the defendant's challenges for cause.

significantly different from the offense conduct in violation of Rule 404(b) of the Federal Rules of Evidence.  Evidence of extrinsic acts is admissible, if as required by Rule 404(b), the evidence is relevant to an issue other than the defendant's character, and if, as Rule 403 requires, its probative value is not substantially outweighed by its prejudicial impact.  *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978).  More specifically, "[t]he rule provides that [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *United States v. Arnold,* 467 F.3d 880, 884-85 (5th Cir. 2006) (second brackets in opinion)(quoting Fed.R.Evid. 404(b)).  The district court's decision to admit such evidence is reviewed for abuse of discretion.  *Id.*

Gordon argues that Navarro's testimony regarding the small amounts of marijuana allegedly purchased in high school was prejudicial.  The district court found that Navarro's testimony was relevant to the contested issue of knowledge.  "The rationale for admitting this evidence is 'that because the defendant had unlawful intent in the extrinsic offense, it is less likely that

he had lawful intent in the present offense.'" *Arnold,* 467 F.3d at 885 (quoting *Beechum*, 582 F.2d at 911).

Gordon contends that the remoteness of the prior transactions render the testimony inadmissible. Although the high school drug transactions had taken place several years earlier, this Court has "upheld the admission of Rule 404(b) evidence where the time period in between was as long as 15 and 18 years." *Arnold,* 467 F.3d at 885 (citing *United States v. Hernandez-Guevara,* 162 F.3d 863 (5th Cir. 1998); *United States v. Chavez,* 119 F.3d 342 (5th Cir. 1997)).

Gordon also complains that the intent for purchasing small amounts of marijuana in high school does not equate with intent to transport large amounts of marijuana. Although the prior marijuana transactions were much smaller, that evidence does make it less likely that Gordon had no knowledge of the marijuana in the instant case. Moreover, during Navarro's testimony regarding these prior transactions, the court instructed the jury to limit its consideration of the testimony to the issue of Gordon's knowledge. Gordon has failed to show that the probative value of the evidence was substantially outweighed by its prejudicial impact, and thus the district court did not abuse its discretion.

C. Violation of The Court Reporter Act

Gordon next contends that a new trial is required because the court reporter failed to transcribe recorded conversations between co-conspirators that were played to the jury. The Court Reporter Act provides, inter alia, that a reporter shall record verbatim by shorthand or other means all proceedings in criminal cases held in open court. 28 U.S.C. § 753(b). "One narrow exception that renders harmless the failure to transcribe exists when both the defendant and the reviewing court can review for errors and defects those tapes played to the jury but not transcribed into the written record." *United States v. McCusker,* 936 F.2d 781, 785 (5th Cir. 1991). In the instant case, the taped recording was entered into evidence. Because the tape is in the record and available for review, any failure to transcribe constitutes harmless error.

### D. Sentence

Finally, Gordon challenges his 97-month sentence. Gordon argues that the guideline enhancements should have been charged in the indictment and decided by a jury. Contrary to his argument, the district court "is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range." *United States v. Mares,* 402 F.3d 511, 519 (5th Cir. 2005).

Gordon also asserts that there was no evidence to support the finding that he was a leader and manager pursuant to U.S.S.G. § 3B1.1(c). The evidence showed that Gordon recruited Norman as the driver. Gordon paid Norman and provided instructions regarding the transportation of loads of marijuana. Gordon also instructed Norman regarding what he should tell the authorities.

Gordon further argues that the sentence was unreasonable because the court failed to take into account mitigating factors under 18 U.S.C. § 3553(a). He neglects, however, to state what factors were not considered. Further, he has failed to show that his sentence was not properly calculated under the guidelines. A sentence within a properly calculated guideline range is presumptively reasonable. *Rita v. United States,* __ U.S. __, 127 S.Ct. 2456 (2007); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Gordon has failed to rebut this presumption.

The judgment of the district court is AFFIRMED.