# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-41003
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL SANCHEZ-GAUCIN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-1910-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Manuel Sanchez-Gaucin (Sanchez) pleaded guilty to transporting illegal aliens within the United States for private financial gain. Sanchez appeals his 33-month sentence. We review the district court's application of the Sentencing Guidelines *de novo* and its findings of fact for clear error. *United States v. Cuyler*, 298 F.3d 387, 389 (5th Cir. 2002).

Sanchez first challenges the district court's application of a two-level enhancement pursuant to U.S.S.G. § 2L1.1(b)(6) based on the finding that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presence of 34 total occupants in a vehicle rated for carrying a maximum of 15 passengers created a substantial risk of death or serious bodily injury. Sanchez argues that, without some other aggravating circumstance, the overcrowding of passengers is insufficient to support the application of the enhancement. The pertinent issue, though, is whether there was "substantial" overcrowding. *See United States v. Mateo Garza*, 541 F.3d 290, 293-94 (5th Cir. 2008). The district court implicitly found that the overcrowding here was substantial. That finding is not clearly erroneous. *See id.*; *United States v. De Jesus-Ojeda*, 515 F.3d 434, 442 (5th Cir. 2008). Accordingly, the district court did not err in applying the enhancement. *See Mateo Garza*, 541 F.3d at 293-94; § 2L1.1(b)(6), comment. (n.5).

Sanchez also challenges the application of a two-level enhancement pursuant to U.S.S.G. § 3B1.1(c) based on the finding that he played an aggravating role in the offense. The presentence report indicated that two of Sanchez's codefendants stated that Sanchez hired them to transport illegal aliens. Although Sanchez refutes these statements, he has not rebutted the reliability of the presentence report's recitation of the statements by the required showing that they are "materially untrue, inaccurate or unreliable." *United States v. Washington*, 480 F.3d 309, 320 (5th Cir. 2007) (internal quotation marks and citation omitted). After reviewing the record, we are not left with "a definite and firm conviction" that the district court was mistaken in its assessment of Sanchez's role in the offense, *see United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013) (internal quotation marks and citation omitted). The district court did not err in applying this enhancement either.

AFFIRMED.