# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-11279

United States Court of Appeals
Fifth Circuit

**FILED**
September 11, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN GARCIA,

Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-276

Before STEWART, Chief Judge, and JOLLY and GRAVES, Circuit Judges.

PER CURIAM:*

Defendant-Appellant John Garcia appeals the sentence imposed by the district court after pleading guilty to conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846 & 841(b)(1)(B). For the following reasons, we vacate and remand for resentencing.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11279

## I.     Facts & Procedural History

John Garcia and two codefendants, Eric Tobias and Jeffrey Campos,[1] were charged by indictment with conspiracy to possess with intent to distribute 500 grams or more of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 & 841 (b)(1)(B). The indictment resulted from an investigation involving the sale of narcotics from a residence located on Ivywood Drive in Dallas, Texas. During a search of the residence, officers seized over 1,000 grams of cocaine, over 400 grams of methamphetamine, over 500 grams of marijuana, $4,583 in U.S. currency, several digital scales, and seven firearms with ammunition.

Garcia pled guilty as charged in the indictment, without a plea agreement. According to the presentence investigation report ("PSR"), the combined drugs attributable to Garcia had a total marijuana equivalency of 7,868.105 kilograms of marijuana, resulting in a base offense level of 34. *See* U.S.S.G. § 2D1.1(c)(3). A two-level enhancement was assessed to Garcia's offense level because the firearms were found in his residence. *Id*. § 2D1.1(b)(1). Two more levels were added because it was determined that Garcia "was an organizer of criminal activity." *Id*. § 3B1.1(c). Another two levels were added because Garcia created a substantial risk of death or serious bodily injury when he fled from law enforcement officers on November 24, 2010. *Id*. § 3C1.2. Two levels were deducted from Garcia's offense level for acceptance of responsibility. *Id*. § 3E1.1(a). Garcia's total offense level was determined to be 38 with a criminal history category of I because he had no prior criminal history. Consequently, Garcia's advisory guidelines range was determined to be 235 months to 293 months of imprisonment.

---

[1] Eric Tobias and Jeffrey Campos are not parties to this appeal.

2

No. 13-11279

Garcia objected to the PSR and also moved for a non-guidelines sentence based on the 18 U.S.C. § 3553(a) factors. The probation officer maintained that the enhancements to Garcia's sentence were warranted and that his advisory guidelines range was correctly calculated. The district court agreed with the probation officer and overruled Garcia's objections to the PSR. The district court imposed a mid-range sentence of 265 months' imprisonment with four years of supervised release. Garcia filed this appeal.

## II. Discussion

Garcia asserts the following on appeal: (1) The district court erred in applying a two-level enhancement to Garcia's sentence for his role in the offense; (2) The district court erred in ordering Garcia to forfeit the firearms and ammunition seized from his residence; (3) The district court erred in failing to award Garcia an additional one-level reduction for acceptance of responsibility due to his refusal to waive his right to appeal; and, (4) The sentence imposed by the district court was substantively unreasonable. We address each of these arguments in turn.

*A.* Garcia's Role in the Offense

Garcia challenges the district court's two-point enhancement to his offense level for his role in the offense on grounds that the PSR failed to provide sufficient facts to support the finding that he was an organizer of the drug conspiracy. Garcia contends that he, Campos, and Tobias shared equal roles in facilitating the sale of drugs from their residence. We do not agree.

We review a district court's finding regarding a defendant's role in an offense for clear error. *United States v. Rose*, 449 F.3d 627, 634 (5th Cir. 2006). A district court's factual finding that a defendant is a leader or organizer need only be supported by a preponderance of the evidence. *United States v. Puig-Infante*, 19 F.3d 929, 944 (5th Cir. 1994).

3

Section 3B1.1(c) provides for a two-level enhancement if the defendant is an organizer, leader, manager or supervisor of criminal activity. U.S.S.G. § 3B1.1(c). The commentary provides that a defendant qualifies for the enhancement if he was "the organizer, leader, manager, or supervisor of one or more other participants." § 3B1.1, cmt. n.2. Application Note 4 provides the following additional guidance:

> Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy.

*Id.*, cmt. n.4.

When the evidence demonstrates that a defendant directed another in his drug trafficking activities in exchange for compensation, a sentence enhancement under § 3B1.1(c) is appropriate. *See United States v. Turner*, 319 F.3d 716, 725 (5th Cir. 2003) (concluding that § 3B1.1(c) enhancement was proper where defendant enlisted and arranged for another person to undertake an activity to accomplish a criminal act); *see also United States v. Gordon*, 248 F. App'x 521, 525 (5th Cir. 2007) (per curiam) (affirming enhancement where defendant recruited, paid, and instructed driver).

The district court concluded that Garcia was an organizer under § 3B1.1(c) based upon the facts established in the PSR and the addenda. According to the PSR, Tobias advised agents that Garcia allowed him to stay at his residence in exchange for protecting the residence, distributing drugs, and collecting drug proceeds on behalf of Garcia. Similarly, Campos told his probation officer that he also helped Garcia conduct drug sales and protected

No. 13-11279

his residence because Garcia allowed him to live there. Thus, Garcia compensated Campos and Tobias in the form of free rent for their assistance in facilitating the sale of drugs from his residence on his behalf. On these grounds we conclude that the district court's finding that Garcia was an organizer in the drug conspiracy is not clearly erroneous and is "plausible in light of the record as a whole." *See Rose*, 449 F.3d at 633; U.S.S.G. § 3B1.1(c).

*B.* The Forfeiture Order

Garcia also challenges the district court's forfeiture order as to the firearms and ammunition that were seized from Garcia's residence. He contends that he did not have actual or constructive knowledge that the Government was going to seek forfeiture of the property. According to Garcia, he first became aware of the Government's intentions at sentencing when the district court issued the order of forfeiture. On this basis, Garcia asks this court to vacate the district court's judgment to the extent that it concerns forfeiture of property. For the following reasons, we decline to do so.

At sentencing, Garcia failed to object to the district court's forfeiture order, therefore, we review for plain error. *See United States v. Marquez*, 685 F.3d 501, 510 (5th Cir. 2012). Under the plain error standard, Garcia must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). This court has discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

Federal Rule of Criminal Procedure 32.2 sets forth the procedures to be followed before a district court may enter a judgment of forfeiture in a criminal case. *See Marquez*, 685 F.3d at 509. The defendant must be provided notice in the indictment or information that the Government intends to seek forfeiture. Fed. R. Crim. P. 32.2(a). Next, "[a]s soon as practical" after the guilty plea, the court must determine the property subject to forfeiture and

5

No. 13-11279

decide "whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A). The court then "must promptly enter a preliminary order of forfeiture," generally in advance of sentencing, describing the property to be forfeited. Fed. R. Crim. P. 32.2(b)(2)(A). The preliminary order of forfeiture becomes final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents." Fed. R. Crim. P. 32.2(b)(4)(A). "The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing." Fed. R. Crim. P. 32.2(b)(4)(B).

This court has stated that the procedures under Rule 32.2 "are not empty formalities" and instead "serve a vital function in ensuring that a defendant has notice of a criminal forfeiture and an opportunity to challenge any forfeiture sought by the government." *Marquez*, 685 F.3d at 509. Thus, they are "mandatory." *Id.*

Although Garcia was not given notice of the forfeiture in the indictment, factual resume, or at rearraignment, Garcia did have actual or constructive notice of the Government's intention to seek forfeiture because the Government published notice of the pending forfeiture, pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C), on February 24, 2012. *See McCray v. United States*, No. 94-30306, 1994 WL 725135, at *2 (5th Cir. 1994) (per curiam) (unpublished). Further, Garcia never submitted proof regarding his title, ownership or legal claim to the forfeited property, which, according to the record evidence, belonged to Tobias—not Garcia. Tobias, Garcia's coconspirator, who pled guilty pursuant to a plea agreement, acknowledged that the firearms and ammunition were used or intended to be used in the offense and that he was the "sole owner of the [firearms and ammunition] and [was] unaware of anyone else with a legal claim or interest in [the] property."

No. 13-11279

Pursuant to the plea agreement, Tobias agreed to forfeit the firearms and ammunition.

Tobias's plea agreement was filed into the record on March 11, 2010. On June 7, 2010, the Government filed a motion for preliminary order of forfeiture and the district court granted the motion. The Government published notice of the pending forfeiture, but Garcia did not submit a claim to the forfeited property. On May 4, 2012, Garcia pled guilty to the conspiracy charge as alleged in the indictment and on May 21, 2012, the Government moved for a final order of forfeiture which was granted by the district court.

This record evidence establishes that Garcia had actual or constructive knowledge of the forfeiture order *via* publication but he did not enter a claim to the property. Further, other than asserting that the firearms were seized from his residence, a residence where he permitted Tobias to live, Garcia failed to prove his ownership of the property. Accordingly, we hold that the district court did not plainly err in in entering the forfeiture order. *See Puckett*, 556 U.S. at 135.

*C.* Additional Reduction for Acceptance of Responsibility

Garcia argues that the district court erred by failing to award him an additional one-level reduction to his offense level for acceptance of responsibility. In light of the recent changes in the law, Garcia contends that he was entitled to an additional one-level reduction under U.S.S.G. § 3E1.1(b) despite his unwillingness to waive his right to appeal.

We conduct a two-step review of the district court's sentencing decision. *United States v. Robinson*, 741 F.3d 588, 598 (5th Cir. 2014). "First, we must 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, [or] failing to consider the § 3553(a) factors.'" *Id.* (citations omitted). We "may affirm the sentence in spite of a

7

procedural error if that error is harmless—that is, if 'the error did not affect the district court's selection of the sentence imposed.'" *Id*. at 601 (citations omitted). "Second, if the sentence is procedurally sound or if the procedural error is harmless, [we] 'consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *Id*. at 598 (citation omitted). In our application of this two-step review, we review "the sentencing court's interpretation or application of the Sentencing Guidelines de novo, and its factual findings for clear error." *Id*. at 598-99.

U.S.S.G. § 3E1.1(b) provides that a defendant who has already received a two-level reduction under § 3E1.1(a) and has timely cooperated is entitled to an additional one-level reduction if the Government so moves. In *United States v. Newson*, 515 F.3d 374, 378 (5th Cir. 2008), abrogated by *United States v. Palacios*, 756 F.3d 325, 326 & n.1 (5th Cir. 2014) (per curiam), this court held that a district court may not award a reduction pursuant to Section 3E1.1(b) absent a motion from the Government and that a "defendant's refusal to waive his right to appeal is a proper basis for the Government to decline to make such a motion[.]" The Sentencing Commission has since amended Section 3E1.1's commentary, effective November 1, 2013, to provide that the Government should not refuse to move for the additional one-level reduction based on the defendant's failure to waive his appellate rights. *See* U.S.S.G. § 3E1.1, cmt. n.6. Shortly thereafter, this court held in *Palacios*, 756 F.3d at 326 & n.1, that Amendment 775 is a clarifying amendment and applies whether the defendant was sentenced before or after its effective date.[2] This court further acknowledged in *United States v. Torres-Perez*, 777 F.3d 764, 768 (5th Cir. 2015) that "it is now unquestionably clear under our precedent that" the

---

[2] Garcia was sentenced on November 22, 2013.

No. 13-11279

Government may not withhold a § 3E1.1(b) motion due to the defendant's failure to waive his appellate rights.

Here, as stated in the PSR, the probation officer determined that Garcia had clearly demonstrated acceptance of responsibility for his offense for purposes of § 3E1.1(a), however, the Government would not move for the additional one-level reduction pursuant to § 3E1.1(b) because Garcia failed to waive his right to appeal. Garcia's original guidelines range was 235 to 293 months' imprisonment. Reducing Garcia's offense level an additional point pursuant to § 3E1.1(b) would result in a new guidelines range of 210 to 262 months' imprisonment. See U.S.S.G. ch. 5, pt. A (Sentencing Table). Although the incorrect and correct guidelines ranges overlap, Garcia's sentence of 265 months is not within the overlap and falls outside the correct guidelines range.[3]

Moreover, the Sentencing Commission's clarifying revisions to the Guidelines and this court's very recent holdings in *Palacios* and *Torres-Perez* make it abundantly clear that withholding the motion for the reason done so in this case—because Garcia refused to waive his right to appeal—is now forbidden by our jurisprudence.

---

[3] The Government argues that the district court would have imposed the same 265-month sentence even if Garcia had been awarded an additional one-level reduction for acceptance of responsibility. The Government cites the following statement made by the district court in support of its position:

> I've determined that this sentence is the sentence that should be imposed under the statutory factors. And, again, as I note for the record, while this is a sentence within the advisory guideline range, it is a sentence that I would impose even if I were viewing the guidelines as but some of the 3553(a) factors.

The above statement, however, does not address whether the district court would have imposed the same sentence regardless of an error in connection with the calculation of the advisory guideline range. Further, the district court expressly stated at sentencing that the 265-month sentence was a "point within the range [that] is sufficient but not greater than necessary to comply with the purposes set forth in Section 3553(a)(2)." For these reasons we are not persuaded by the Government's argument that the district court would have imposed the 265-month sentence had it known that it was above the correct guidelines range.

No. 13-11279

On these grounds, we hold that the district court committed procedural error by improperly calculating the correct Guidelines range. *Robinson*, 741 at 598. Further, because it appears from the record that the error "affect[ed] the district court's selection of the sentence imposed," the error was not harmless. *Id.* at 601. We therefore vacate and remand to the district court for resentencing not inconsistent with this opinion. In light of this holding, we pretermit discussion with respect to whether Garcia's sentence is substantively unreasonable.

## III.   Conclusion

For the foregoing reasons, the sentence of Defendant-Appellant John Garcia is VACATED and REMANDED.