# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2018

Lyle W. Cayce
Clerk

No. 17-40941
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS AGUILAR, also known as Junior,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-804-2

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Luis Aguilar appeals the within-Guidelines sentence of 350 months of imprisonment for his conviction of conspiracy to commit hostage taking in violation of 18 U.S.C. § 1203(a).  He argues that the district court erroneously imposed a 2-level "vulnerable victim" enhancement under U.S.S.G. § 3A1.1(b) and a 2-level "aggravating role" enhancement as a leader or manager of the offense under U.S.S.G. § 3B1.1(c).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40941

We generally review the district court's interpretation of the Sentencing Guidelines *de novo* and review a finding of unusual vulnerability for clear error. *United States v. Jenkins*, 712 F.3d 209, 212 (5th Cir. 2013). "[T]he determination of whether a victim is vulnerable is a factual finding that the district court is best-suited to make." *United States v. Wilcox*, 631 F.3d 740, 753–54 (5th Cir. 2011). A factual finding is not clearly erroneous so long as it is plausible in light of the record as a whole. *Id.* at 753.

As to his first argument, Aguilar relies heavily on *United States v. Angeles-Mendoza*, 407 F.3d 742, 747 (5th Cir. 2005), but he does not acknowledge this court's holding in *United States v. Cedillo-Narvaez*, 761 F.3d 397, 403 (5th Cir. 2014). The district court's determination that the victims were vulnerable on account of their illegal status was not clearly erroneous and is entitled to due deference. *United States v. Garza*, 429 F.3d 165, 173–74 (5th Cir. 2005). Because the district court's findings were plausible and the vulnerability of the victims was not taken into account in the base offense level for Aguilar's offense, the district court did not err in imposing the Section 3A1.1(b) vulnerable victim enhancement. *See Cedillo-Narvaez*, 761 F.3d at 403–04; *Garza*, 429 F.3d at 173. Insofar as Aguilar argues that the vulnerable characteristic of the victims was already taken into account by "other points assessed in this case," he has not adequately briefed the argument. *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010).

As to Aguilar's second challenge, "[w]hether a defendant exercised an aggravating role as an organizer, leader, manager, or supervisor for purposes of an adjustment under U.S.S.G. § 3B1.1(c) is a finding of fact reviewed for clear error." *United States v. Ochoa-Gomez*, 777 F.3d 278, 281 (5th Cir. 2015). Despite Aguilar's citation to non-binding out-of-circuit case law, he has not shown that the district court clearly erred in finding that he was a leader or

No. 17-40941

manager within the meaning of Section 3B1.1(c). The district court's finding that Aguilar recruited his father is plausibly supported by evidence that he paid his father to take actions in furtherance of the conspiracy. *See* § 3B1.1 cmt. n.4. The record also supports that Aguilar had broad decisionmaking authority and control over the conspiracy. *See id.*; *United States v. Gordon*, 248 F. App'x 521, 525 (5th Cir. 2007). The district court's imposition of the Section 3B1.1(c) aggravating role enhancement was not clearly erroneous.

AFFIRMED.