# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40123
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MELISSA MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:18-CR-453-2

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Melissa Martinez pleaded guilty to possession with intent to distribute a quantity of less than 50 kilograms, that is, approximately 15.2 kilograms (34.98 pounds) of marijuana and was sentenced to 14 months of imprisonment and two years of supervised release. She contends that the district court erred in applying a two-level enhancement under U.S.S.G. § 3B1.1(c) based on its finding that she had an aggravating role in the offense. Because she objected

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40123

to the enhancement in the district court, she preserved the issue for appeal. *See United States v. Fillmore*, 889 F.3d 249, 255 (5th Cir. 2018). "We therefore review the district court's finding regarding [Martinez's] role in the offense for clear error." *Id.*

The presentence report (PSR) had an adequate factual basis, and the district court was entitled to rely on it because Martinez did not present any evidence to rebut it. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). The PSR shows that Martinez recruited her coconspirator David Monsivais; offered to pay Monsivais between $200 and $350 to smuggle and distribute the marijuana; picked up Monsivais in her vehicle on the morning of the offense, which they drove to Mexico; instructed Monsivais on what to say to the border patrol officers at the port of entry; and asked Monsivais two weeks before the instant offense to accompany her on a similar trip. Because the district court's finding that Martinez had an aggravating role in the offense is plausible in view of the record as a whole, the district court did not clearly err in imposing this two-level enhancement. *See Fillmore*, 889 F.3d at 255; *United States v. Ochoa-Gomez*, 777 F.3d 278, 282 (5th Cir. 2015); *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013); *United States v. Golden*, 17 F.3d 735, 736 (5th Cir. 1994); *see also United States v. Garcia*, 625 F. App'x 680, 682–83 (5th Cir. 2015) (unpublished); *United States v. Sanchez-Gaucin*, 595 F. App'x 344, 346 (5th Cir. 2014) (unpublished).

Accordingly, the judgment of the district court is AFFIRMED.