# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2023
Lyle W. Cayce
Clerk

_____

No. 22-50406

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Rony Munoz,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-987-1

_____

Before Richman, *Chief Judge*, and Southwick and Oldham, *Circuit Judges*.

Per Curiam:[*]

Rony Munoz appeals his concurrent 27-month sentences for (1) transportation of illegal aliens and (2) fraud and misuse of visas, permits, and other documents. The district court enhanced the sentences pursuant to U.S. Sentencing Guideline § 2L1.1(b)(6) after it determined that Munoz intentionally or recklessly created a substantial risk of death or serious bodily

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50406

injury to the aliens he transported.  Munoz contends that the circumstances of his offense do not warrant the sentence enhancement, arguing that "merely carrying unrestrained passengers in the cargo area of a sport utility vehicle does not justify a § 2L1.1(b)(6) enhancement" and that "[t]he evidence in this case does not show that the passengers lacked oxygen, were exposed to temperature extremes, were unable to communicate with the driver, unable to exit the vehicle quickly, or in substantially more danger in the event of an accident."

This court reviews the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error.[1]  The commentary to § 2L1.1 gives "carrying substantially more passengers than the rated capacity of a motor vehicle or vessel" as an example of reckless conduct that would support a sentence enhancement under § 2L1.1(b)(6).[2]  When a case's facts do not fall squarely within the situations outlined by the commentary, this court also considers "the availability of oxygen, exposure to temperature extremes, the aliens' ability to communicate with the driver of the vehicle, their ability to exit the vehicle quickly, and the danger to them if an accident occurs."[3]

When Munoz was pulled over for speeding, his vehicle contained thirteen individuals despite only containing five seats.  Excluding Munoz in the driver's seat, the vehicle contained three times as many passengers as

---

[1] *See United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016) (quoting *United States v. Lige*, 635 F.3d 668, 670 (5th Cir. 2011)).

[2] U.S.S.G. § 2L1.1 cmt. n.3; *see also United States v. Zuniga-Amezquita*, 468 F.3d 886, 888 n.3 (5th Cir. 2006) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993))).

[3] *Zuniga-Amezquita*, 468 F.3d at 889.

seats.  The photographs show that the passengers had little room, with some sitting on top of others, and many not wearing seatbelts.  This constitutes "carrying substantially more passengers than the rated capacity of a motor vehicle or vessel."[4]  Because there was substantial overcrowding, we need not consider whether other aggravating circumstances were present.  The district court did not err in enhancing Munoz's sentences under § 2L1.1(b)(6).  We therefore do not address Munoz's argument that the sentences were substantively unreasonable due to this alleged procedural error.  We perceive no error in Munoz's sentences.

\* \* \*

AFFIRMED.

---

[4] *See United States v. Mateo Garza*, 541 F.3d 290, 294 (5th Cir. 2008) ("The first example relates to 'carrying substantially more passengers than the rated capacity of a motor vehicle or vessel.'  The operative word is 'substantially.'  It is not necessarily enough that a vehicle designed for four is carrying five.  Probably carrying eight in the vehicle would be." (internal citation omitted) (citing U.S.S.G. § 2L1.1)); *United States v. Cardona-Lopez*, 602 F. App'x 191, 191-92 (5th Cir. 2015) (per curiam) (unpublished) (affirming district court's application of § 2L1.1(b)(6) enhancement when defendant transported fourteen individuals in a car rated for seven passengers, nine of the passengers were unrestrained in the cargo area, and defendant was speeding on a busy highway); *United States v. Sanchez-Gaucin*, 595 F. App'x 344, 345-46 (5th Cir. 2014) (per curiam) (unpublished) (affirming § 2L1.1(b)(6) enhancement after district court implicitly found substantial overcrowding based on the presence of thirty-four total occupants in a vehicle rated for carrying a maximum of fifteen passengers); *United States v. Hernandez-Perez*, 366 F. App'x 531, 532 (5th Cir. 2010) (per curiam) (unpublished) (affirming § 2L1.1(b)(6) enhancement when defendant transported fifteen passengers in a vehicle rated to carry seven passengers and thirteen of the passengers lacked safety restraints and were lying on top of each other); *see also United States v. Flores-Flores*, 356 F.3d 861, 862-63 (8th Cir. 2004) (holding district court properly assessed the enhancement because the defendant "was transporting eight more passengers in the van than its rated capacity").